THE STATE OF MISSOURI, Respondent, v. H. GOLDBLAT, Appellant.

Kansas City Court of Appeals, May 16, 1892.

Criminal Law: STOLEN GOODS: KNOWLEDGE. It is necessary in a prosecution for receiving stolen property to prove that the defendant knew it was stolen, but such knowledge need not be personal or actual.

*Appeal from the Jackson Criminal Court.*—HON. HENRY P. WHITE, Judge.

AFFIRMED.

*I. J. Ringolsky*, for appellant.

(1) The finding of facts, made by the court, stands on the same footing as an agreed statement of facts, or a special verdict. "If there is any ambiguity, any omission of facts essential to establish the guilt of the accused, any substantial lack of clearness and certainty on material points, the judgment cannot be allowed to stand." *Gage v. Gates*, 62 Mo. 412-416; *Carr v. Lewis*, 96 Mo. 149-155; *Rannells v. Isgrigg*,

99 Mo. 19–28; *State v. Hughes*, 35 Mo. App. 515–520; *Hughes v. Moore*, 17 Mo. App. 148–155; *Munford v. Wilson*, 15 Mo. 540–557; *Bruen v. Fair Ass'n*, 40 Mo. App. 426–431. (2) The judgment must be warranted by the finding of facts, otherwise it will be set aside. In the case at bar the court omitted to find the essential fact, upon which this case hinges, viz.: That the defendant knew that the tools were stolen. Knowledge of this fact, on the part of the defendant, is the gist of the offense with which he has been charged. *State v. Smith*, 37 Mo. 59–63.

*Marcy K. Brown*, for respondent.

(1) The written memoranda by the court, commenting upon the evidence, was entirely unnecessary, and was simply surplusage in the case. Counsel for defendant has become unnecessarily confused over special findings and special verdicts, and the difference between civil and criminal practice. When a jury in a criminal case is waived, the court sitting as a jury is not required, nor is it authorized, to make any "finding of facts" any more than a jury is. R. S. 1889, secs. 4353, 4190, 4226, 27–29. (2) In view of defendant's failure to set out all the instructions it must be presumed that the ones given correctly and sufficiently stated the law. Appellate courts will not discuss the evidence, or the weight of evidence, or interfere with the verdicts of juries or courts sitting as juries, when there is any evidence to sustain such verdicts. *State v Lowe*, 93 Mo. 547; *Walton v. Railroad*, 40 Mo. App 544; *Bishop v. Hunt*, 24 Mo. App. 373; *State v. Nelson*, 98 Mo. 414; *State v. Primm*, 98 Mo. 368; *State v. Howell*, 100 Mo. 628. (3) The citation of authorities in subdivision 1 of defendant's points and authorities is inapplicable, and misleading and applies only to civil

causes and special findings, which are only authorized in civil cases and wholly unknown to criminal practice. (4) The matter of defendant's knowledge that the property was stolen was to be gathered from all the facts and circumstances of the case.

ELLISON, J.—The defendant was tried and convicted under section 3553, Revised Statutes, 1889, in the Jackson county criminal court for receiving stolen property. The trial was before the court without a jury. There appears in the bill of exceptions the following memorandum of facts found by the trial judge:

" The defendant is a second-hand dealer, and has his place of business on Grand avenue, Kansas City, Jackson county, Missouri. About the twentieth day of July, 1891, the defendant, at his place of business, purchased from a mere boy the articles named in the information and gave for them twenty-five cents. The boy, who sold the articles, obtained them by burglary and larceny, perpetrated at and upon the residence of one Herman Rosenburg. The residence of the boy was in the immediate neighborhood of the house burglarized, and the house was only a short distance from the defendant's place of business. Before the making of the purchase the defendant knew the boy was a thief. At the time the purchase was made defendant asked the boy where he got the articles, and the boy answering said, 'At home.' The defendant made no further inquiries as to the right of the boy to the articles.

"Defendant is, therefore, by the court, found guilty as charged, and his punishment fixed at a fine of $100, and imprisonment in the county jail for a term of thirty days.

"[Signed]    HENRY P. WHITE,
                          "Judge."

Defendant insists that this is a finding of facts which amounts to a special verdict as in a civil cause, and that such finding does not disclose the theory upon which the court found him guilty; nor, as is insisted, does it show that the court found that the defendant knew that the goods were stolen. It is necessary in a prosecution for receiving stolen property to prove that the defendant knew that it was stolen. Knowledge is an essential element of the offense. It is necessarily so from the nature of the charge, as well as being made so by the terms of the statute. But this knowledge is not necessarily *personal* knowledge. Nor is it even necessary that he should have been informed of the theft by persons who had personal knowledge, as, for instance, eye-witnesses. He may have knowledge sufficient to support a case of this kind from other sources. And this knowledge may be proven "inductively." 1 Wharton's Criminal Law, secs. 983, 984. In this case the facts found by the court are sufficient to support or to authorize the conclusion that defendant was guilty, and we are not, therefore, authorized to overturn such conclusion.

II. Defendant asked the court to give a declaration of law making it necessary for defendant to have had "actual" knowledge that the property was stolen before he could be convicted. This the court properly refused. We are not aware of any reason or authority for placing such limit upon the knowledge which must exist in such cases. The judgment is affirmed. All concur.