STATE v. CRAWFORD.

1. RECEIVING STOLEN GOODS—INDICTMENT—PROOF.—Under an indictment for receiving stolen goods, knowing them to have been stolen, based upon section 2526*a* of General Statutes (19 Stat., 814), it is not necessary to state the time or place of the larceny, nor the value of the stolen property received, but the fraudulent intent and guilty knowledge must be alleged.

The value of the property stolen measures the punishment to be inflicted, but it is not necessary to trace all of it to the accused, nor to show that the property received was all received at the same time.

2. IBID.—HARMLESS ERROR.—In charging that if the defendant "did receive twenty dollars worth of the goods charged to have been stolen, and you so believe beyond a reasonable doubt, you will find him guilty," the trial judge did not commit error of law of which defendant could complain, and the verdict of guilty under this charge fixed the value of the goods received at not less than twenty dollars.

3. IBID.—OTHER ACTS.—Under an indictment for receiving stolen goods, evidence of other goods found in defendant's possession was admissible to show guilty knowledge.

4. IBID.—HARMLESS ERROR.—If there was error in admitting testimony of the finding of some of the stolen goods at another's house, to show that a larceny had been committed, it was an error not prejudicial to defendant.

5. CHARGE ON FACTS.—The trial judge, while ruling upon the admissibility of testimony during the progress of the trial, said: "It is hard enough to track these people, anyway." *Held*, not a charge upon the facts within the meaning of the constitutional inhibition.

Before KERSHAW, J., Anderson, October, 1891.

Indictment against Jerry Crawford for receiving stolen goods, knowing them to have been stolen. The case was submitted without argument.

June 26, 1893.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN. At the fall term of the Court of General Sessions (1891) for the County of Anderson, the defendant was tried and convicted on the charge of receiving stolen goods, and sentenced to one year's imprisonment in the penitentiary, on the following indictment:

"The State of South Carolina—County of Anderson. At a Court of General Sessions * * * the jurors of and for the county aforesaid, in the State aforesaid, upon their oaths, present that Jerry Crawford, late of the county and State aforesaid, on the twenty-third day of January, in the year of our Lord one thousand eight hundred and ninety-one, with force and arms, at Anderson Court House, in the county and State aforesaid, ninety pounds of coffee, of the value of twenty-five dollars, of the proper goods and chattels of C. D. Nesbitt, S. F.

Trowbridge, W. P. Nesbitt and W. N. Trowbridge, partners, trading under the firm name of Nesbitt, Trowbridge & Co.; three hundred and thirty pounds of bacon, of the value of twenty-five dollars, of the proper goods and chattels of A. H. Ford; and three bolts of plaids, of the value of ten dollars, of the proper goods and chattels of George R. Pike, all of the value of sixty dollars, then lately before feloniously stolen, taken, and carried away, feloniously did receive and have, he, the said Jerry Crawford, well knowing said goods and chattels to have been feloniously stolen, taken and carried away, against the form of the statute in such case made and provided, and against the peace and dignity of same State," &c.

The counsel for the defendant moved that the solicitor be required to elect as to which act of "receiving" the defendant is tried on, and Judge Kershaw ruled that if the solicitor could prove any one of the allegations, it would be sufficient, and the trial proceeded. Much testimony was then offered, not, however, digested into a "Case," presenting the questions of law to be decided, but as it was given by the witnesses on the stand. It is all printed in the record. The case was submitted without oral or printed argument either for the State or the defendant. It is quite impossible to state the testimony, but the case cannot be made intelligible, without making a brief outline, merely to indicate its general character, and without professing to give the whole of it.

On or about January 23, 1891, such articles of property as bacon, coffee, and domestic plaids were missed from the freight cars of the railroad, at or about Belton, Anderson County. On the evening of January 23, 1891, Mr. Wilson, the depot agent at Belton, had placed in a freight car a box of bacon, consigned to A. H. Ford, of Williamston, which is above Belton, to be shipped that night, or early the next morning. When the box reached Williamston, it was found that the seals were broken, and that the box had been broken open and robbed of about 330 pounds of the bacon. Next day search was made at and around Belton, and some of the lost bacon was found at the house of the defendant, Crawford, who lived in the vicinity, within two or three miles of Belton. Some of

the pieces of meat found were fresh cut. When the discovery was made, Jerry returned one whole "middling" in a sack, and when interrogated on the subject, said, "that his boys had traded for the meat and brought it to his house; that they had unloaded cars, and were paid for their work in meat." It was not made to appear precisely how much of the lost meat was recovered from Jerry Crawford's house. There was testimony that the meat was worth 6, 6½ or 7 cents per pound.

W. N. Trowbridge, of the firm of Nesbitt, Trowbridge & Co., Piedmont, Greenville, proved that they had ordered in January, from F. W. Wagener & Co., Charleston, one sack of green coffee, which was sent forward, but never received by their firm at Piedmont, Greenville, worth twenty and one-half cents per pound. When parties were out hunting for the meat, which had disappeared at Belton, they found at the house of the defendant seventy-seven pounds of green coffee, in a bag concealed in a barrel. This was after the bacon was found at the house of defendant, as well as remembered, on the second Sunday of the March following. It further appeared, that there was shipped on the railroad a bale of cotton plaids, two hundred pounds, consigned to J. R. Pike, "Salem," above Walhalla, in Oconee County, which, at Walhalla, on January 12, 1891, was missing, and checked off "short." On the same occasion when the coffee was found, the parties also found a bolt of cotton plaids at the house of the defendant, believed to be some thirty or forty yards. Jerry said that his wife got the plaids in Anderson, &c. There was much more testimony, of which the above is a mere skeleton, but it is believed this will suffice to make intelligible the points of law raised.

The counsel of the defendant made the following requests to charge: "(1) The possession of a part of stolen goods is not evidence of receiving *all* of the property stolen. (2) When property is proved to have been stolen at different times, and there is no evidence of 'receiving' *all* of the goods at the same time, and no one article 'received' amounts to $20 in value, then the State may have made out three cases of petty larceny, but not one of grand larceny. (3) If the jury believe that the defendant received the coffee and the plaids *after* the bacon

was found at his house, and after the date alleged in the bill of indictment, then he cannot be convicted under this indictment for receiving the coffee or the plaids." Under the charge of the judge, the jury found the defendant *"guilty,"* and being sentenced to one year's imprisonment in the penitentiary, he now appeals to this court upon the exceptions:

I. Because his honor erred in admitting testimony of the finding of goods in the possession of the defendant at different times, when the larcenies of these goods were also committed at different times, without instructing the jury that the defendant must have received at least $20 worth of these goods at one time.

II. Because his honor erred in saying, during the trial: "It is hard enough to track these people at best," whereby the defendant was prejudiced before the jury, and his honor indicated to them his opinion on the facts of the case.

III. Because his honor erred in admitting the testimony of B. A. Wilson as to the finding of plaids similar to those found at the defendant's, at Leah Brown's house, in Belton.

IV. Because there was no testimony to show that the defendant received or had in his possession at any one time $20 worth of stolen goods.

V. Because his honor erred in refusing to charge the first request submitted by the defence, as follows: "The possession of a part of stolen property is not evidence of receiving all of the property which had been stolen."

VI. Because his honor erred in refusing to charge the defendant's second request to charge.

VII. Because his honor erred in refusing to charge the defendant's third request to charge.

VIII. Because his honor erred in charging the jury: "That according to the law as contended for by the defendant, if a party of rogues break into a store or any place else and distribute goods stolen therefrom in sums less than $20, there would only be petty larceny for each receipt and delivery of stolen goods, and we would have to go through with all this elaborate investigation in any one of the charges to establish the receipt of stolen goods. It is necessary that you should be satisfied

that the goods charged in the indictment were stolen; that they were the very goods described in that indictment, and that those particular goods, to the value of $20, were found in the hands of this defendant; that he received to that amount of the goods, whether they were found or not; if you are satisfied from the evidence that he had received $20 worth of these identical goods, charged in the indictment, then he is guilty," &c.

The case was submitted without statement or argument, but from the record, and especially exceptions 4, 5, 6, 7 and 8, it appears that throughout the trial it was assumed that the indictment was for "grand larceny," or possibly the "accessorial offence," for receiving the fruits of such a larceny "after the fact;" and consequently Jerry Crawford could not be convicted under the indictment, unless it was shown that he had received so much of the stolen property at one time, as amounted to the value of $20. We do not, however, understand that this indictment was for "larceny" at all, either petit or grand; but for the substantive statutory offence of "receiving stolen goods, knowing them to have been stolen," under section 2526a of General Statutes as amended in 1887 (19 Stat., 814), which provides as follows: "In all cases whatever, where any goods and chattels or other property of which larceny may be committed, shall have been feloniously taken or stolen by any person or persons, every person who shall buy or receive any such goods or chattels or other property, knowing the same to have been stolen, shall be held and deemed guilty of, and may be prosecuted for, a misdemeanor, and upon conviction thereof, shall be punished by imprisonment, although the principal felon or felons be not previously convicted, and whether he, she or they is or are amenable to justice or not: *Provided,* That when the chattel or other property stolen shall be of less value than twenty dollars, the punishment shall not exceed imprisonment in the county jail for thirty days or a fine of not more than one hundred dollars," &c.

It does not appear that at the trial there was any reference to this recent provision of the law, but we can not doubt that it was and is the law upon the subject of "receiving stolen goods," and that it was applicable to defendant's case. When

the statutes have made "receiving stolen property" a distinct substantive offence, the character or grade of that offence must depend alone upon the terms of the statute. The indictment need not state the time or place of the "larceny," nor the value of the property "received." It is necessary that the guilty knowledge should be alleged, as well as the fraudulent intent, but it is not necessary that the whole of the property should have come into possession of the accused. It is enough if he "received" one of several articles. Neither is it required that he should have received all the property at the same time. See 20 Am. & Eng. Enc. Law, 431 and 446, and many references in the notes; *People* v. *Wiley*, 3 Hill (N. Y.), 194; 6 Ala., 845; 136 Mass., 170; *People* v. *Fitzpatrick*, 80 Cal., 538, and others.

It will be observed that the provisions of section 2526a are general, covering every conceivable case "for receiving stolen property," knowing it to be stolen. At first view, it might seem that the proviso contains a qualification, but it has no requirement as to the value of the property necessary to be traced to the accused on trial—it may be to meet the possible case of confederates, each of whom may have received his share of the fruits of a common enterprise. But, on the contrary, it would seem that the only purpose of the proviso was to reduce the punishment as therein declared, "when the chattels or other property stolen shall be of less value than twenty dollars," showing clearly that conviction was contemplated, even where the property stolen was of less value than $20. The test as to the proper punishment being not the value of the property found in possession of the defendant, but the value of the whole property stolen.

The judge, among other things, charged the jury, "that if this old man did receive $20 worth of the goods charged in the indictment, knowing them to have been stolen, and you so believe beyond a reasonable doubt, you will find him guilty; if not, you will say 'not guilty.' " Was that fatal error of law? We think the defendant had no right to complain, for if there was error, it was in his favor. But even under this charge, the jury found the defendant "guilty," and

in doing so necessarily found that the property stolen was not less in value than $20.

Exception 1 complains of error in admitting testimony of the finding of goods in the possession of the defendant at different times, without instructing the jury that the defendant must have received at least $20 worth of the stolen property at the same time. Evidence that other stolen goods were found in the possession of the defendant is admissible, for the purpose of showing guilty knowledge. *Com.* v. *Hills*, 10 Cush. (Mass.), 530. We have already endeavored to show that the law did not require the judge to charge that it was necessary to show that the defendant had received at least $20 worth of the stolen property at the same time.

Exception 3 charges that his honor erred in admitting the testimony of B. A. Wilson as to the finding of "plaids" similar to those found at the house of the defendant, at Leah Brown's house, in Belton. The judge seems to have considered the testimony "relevant" as tending to show that the missing bale of plaids was stolen at Belton. In no view of the testimony, however, could it do any any harm to the defendant, but, on the contrary, it was in his favor, as showing that other persons had some of the same article.

Exception 2 charges "that the judge committed error in saying, during the trial: 'It is hard enough to track these people anyway,' whereby the defendant was prejudiced before the jury, and his honor indicated to them his opinion on the facts of the case." The expression charged to have fallen from the judge, which, as alleged, was in violation of section 26 of article IV. of the Constitution, as indicating his opinion on the facts of the case, was not made in charging the jury, but in making a ruling, during the progress of the trial, as to the admissibility of testimony. As was said, in reference to a remark made by the Circuit Judge, under very similar circumstances, in the case of *State* v. *Turner*, 36 S. C., 534: "The judge was not expressing an opinion on the subject one way or another which by any possibility could reach and influence the jury, and it seems to us that it would be a great

stretch of construction to hold that such an incidental remark, made during the progress of the case, amounted to a violation of the provision of the Constitution which prohibits judges from charging juries as to matter of fact," &c.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.