STATE OF IOWA V. WILLIAM PHIPPS, Appellant.

95   487
96   301
95   487
128   511

**Indictment: Burglary.**    One charging breaking and entering with intent to commit an assault, and the commission of the assault after entering, is not bad for duplicity.    Code 3891.    The commission of the assault is surplusage.

**Instructions** cannot be complained of on appeal because they lacked fullness where more and specific ones were not asked below.

*Appeal from Boone District Court.*—HON. D. R. HINDMAN, Judge.

MONDAY, OCTOBER 7, 1895.

The defendant was indicted for the crime of breaking and entering a dwelling house in the night time with

intent to commit a public offense. He was convicted, and sentenced to the penitentiary for a period of sixteen months, and appeals.—*Affirmed.*

*Jordan & Brockett,* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

Kinne, J.—I. The defendant, though jointly indicted with one George Phipps, was separately tried. The indictment reads as follows: "The grand jury of the county of Boone, in the name of and by the authority of the state of Iowa, accuse William and George Phipps of the crime of burglary, committed as follows: The said William Phipps and George Phipps, on the twenty-seventh day of February, A. D. 1892, in the night time of said day, in the county of Boone, state of Iowa, did willfully, unlawfully, feloniously, burglariously, and with force and arms break and enter the dwelling house of J. H. Gibbons, with the intent then and there to commit an assault upon the said J. H. Gibbons. And the said William Phipps and George Phipps did then and there, after having entered the said dwelling house of the said J. H. Gibbons, as aforesaid, willfully, unlawfully, and feloniously assault the said J. H. Gibbons, he, the said J. H. Gibbons, being lawfully therein. All contrary to the statutes in such cases made and provided." It is contended that this indictment is bad for duplicity. This indictment is evidently based upon section 3891 of the Code, which provides: "If any person break and enter any dwelling house in the night time with intent to commit any public offense: or, after having entered with such intent, break any such dwelling house in the night time, he shall be deemed guilty of burglary, and shall be punished according to the aggravation of the offense as

is provided in the next two sections." Our statute provides that the indictment shall charge but one offense. Code, section 4300. It is manifest on reading this indictment that it is designed to and does in fact charge but one offense. The crime charged is stated in the indictment to be burglary, and the act of feloniously breaking and entering a dwelling house in the night time with the intent to commit a public offense is burglary under the statute above quoted. Doubtless, the indictment would have been good without so much of it as charged the commission of the assault. As, in any event, under an indictment for breaking and entering with the intent to commit a public offense, it would be proper to show the assault in evidence, in order to establish the fact that the intent was to commit a public offense, it would appear that at most that part of the indictment was surplusage. If the indictment had been so framed as to warrant the conclusion that it was designed to charge the breaking and entering with the intent to commit a crime as one offense, and the actual commission of it as another offense, it would be vulnerable to the objection made. Such, however, is not the fact. We have often held that in an indictment for burglary, or the breaking and entering a store building, which indictment contained an allegation that the defendant, after the breaking and entering, did take, steal, and carry away goods from said building, the charging of the larceny of the goods should be treated as mere surplusage and that such an indictment was not bad for duplicity. *State v. Hayden*, 45 Iowa, 11; *State v. Shaffer*, 59 Iowa, 290 [13 N. W. Rep. 306]; *State v. Ridley*, 48 Iowa, 370. We discover no reason for not applying the same rule in this case. The intent of the statute was to apprise the defendant of the crime charged against him, and that but one crime should be charged in the same indictment. The crime charged is

burglary. The defendant was tried for that crime only. The instructions were framed upon that theory, and all of the proceedings were consistent with the idea that the indictment charged burglary only. The indictment is not objectionable.

II. It is contended that the verdict is not supported by the evidence. The facts are voluminous, and we shall not undertake to recite them. We have carefully examined the record, and are satisfied that the verdict is fully warranted by the evidence.

III. Error is assigned in the giving of the twelfth paragraph of the charge of the court. We need not set out this instruction. It is in effect like an instruction approved in *State v. Moelchen,* 53 Iowa, 316 [5 N. W. Rep. 186] and is unobjectionable.

IV. Appellant complains that his theory of the case was not presented to the jury. The real matter relied upon was the condition of the defendant at the time he committed the act. It was claimed he was so much under the influence of intoxicants as to be incapable of forming an intent. Proper instructions were given as to that claim. The instructions as given covered properly the law applicable to the case. If the defendant did not deem them full enough, he should have asked others more specific. He did not do so, and as those given were correct, and, as we think, were all that were essential for the proper guidance of the jury, he cannot now be heard to complain.

V. It is also said that the court erred in failing to instruct that the evidence must establish beyond any reasonable doubt that the intent to commit the alleged assault had been found prior to, and existed in the mind of the defendant at the time of, the alleged breaking and entering. This claim is an error. The jury were fully instructed, in effect, as appellant claims they should have been touching this matter.

VI. It is urged that the court should have instructed with reference to the defendant's right of access to the room occupied by Charles Gibbons and wife, the claim being that he would have the right to pass through the lower part of the house to that room upon any legitimate business. No such instruction was called for by the testimony. No claim was made that defendant had any legitimate business with Charles Gibbons and his wife which required him to pass through the lower part of the house. The evidence fails to show that any such claim was made at or immediately prior to the time defendant broke in the door.

Other questions were argued, which we need not speak of further than to say that upon this entire record we discover no reason for disturbing the judgment below.—*Affirmed.*