## JIM BROWNLEE v. THE STATE

*No. 1243.   Decided November 20th, 1895.*

**1.  Carrying a Pistol—"Traveler."**

When defendant had borrowed a pistol to carry with him on a visit to his brother in an adjoining county, which pistol he is seen with several days thereafter at a political meeting in the county of his residence, and there was no evidence showing that he was there en route home from his brother's.   Held: He could not claim exemption upon the ground that he was a "traveler."

**2.  Same—Apprehension of Attack.**

The law which exempts one from liability for carrying a pistol upon apprehension of an attack, has reference to the time a party arms himself—the fear of attack must then exist, and must be such as, at that time, he did not have time to appeal to the law for protection.

APPEAL from the County Court of Madison.   Tried below before Hon. BOON ANDERSON, County Judge.

This appeal is from a conviction for unlawfully carrying a pistol, the punishment being assessed at a fine of $25.

The opinion states the case.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted for carrying a pistol on and about his person.   On the trial, appellant set up two defenses:   The first that he was a traveler, within the contemplation of the statute;   second, that an attack was being made on him that was so imminent and threatening as to preclude time for having the party arrested.   The pistol was worn by appellant and exhibited at a political gathering, at which place he became involved in a personal difficulty, and exhibited his pistol.   About three or four days before this political gathering, appellant borrowed a pistol for the purpose of carrying with him on a visit to an adjoining county, to see his brother, to secure his services in aiding him in an election in Madison County, the appellant being a candidate for some office.   The next we hear of him he is at a political gathering in Madison County.   There is no evidence showing that he was then en route to or from his brother's.   It simply appears that he was attending a political gathering at the time he was found with the pistol.   The evidence fails to show that he was a "traveler," within the meaning of the statute. Ratigan v. State, 33 Tex. Crim. Rep., 301; Lawson v. State (Tex. Crim. App.) 31 S. W., Rep. 645.   Appellant's contention that he wore his pistol because he was apprehensive of an attack, and that he did not have time to make an affidavit and require a peace bond of his adversary, is equally without foundation.   The evidence does not show that he wore the pistol to the meeting because he was apprehensive that he would be there attacked by Griffiths, but, so far as the record discloses, he used the pistol in a sudden quarrel.   The law on this subject, so far as authority to carry arms is concerned, has reference to the time when the party may have armed himself.   If, at

the time appellant armed himself, he was then apprehensive of an attack from Griffiths, and he had not time to appeal to the law for protection, there would be some excuse for him; but there is no evidence in the record that he apprehended such an attack from Griffiths, or any one else, at the time he put the pistol on his person, and carried it to the political gathering.    The judgment is affirmed.

*Affirmed.*