STATE OF IOWA V. GEORGE FEUERHAKEN, Appellant.

**Receiving Stolen Goods:** INDICTMENT need not name the person from
whom the goods were received.     ,

**DUPLICITY.** Under a statute making it a crime to buy, receive "or" aid
in concealing stolen goods, an indictment may charge that defend-
ant bought, received "and" aided.

**INSTRUCTIONS.** One instruction charged that corroboration in receiv-
ing stolen goods must go to the fact that the goods were stolen,
and to the receiving, thus omitting the necessity for corroboration
as to the knowledge on part of the defendant, that the goods were
stolen. But it was further instructed that if the goods were
found with the defendant and if he concealed or denied having
them this was a corroboration the weight of which was for the
jury. *Held*, the charge, together, was not prejudicially
erroneous.

**SAME.** An instruction in a prosecution for receiving stolen goods,
that if the circumstances and surroundings were such as would
reasonably satisfy a man of defendant's age and intelligence that
the goods were stolen, or if he failed to follow up such inquiry
fearing he would learn the truth, he should be as rigidly held
responsible as if he had actual knowledge, is not prejudicial
because of the use of the word "rigidly," as, considered in its
connection, it means no more than "exactly."

**Evidence.** It is competent to show that defendant, charged with
receiving stolen goods, had, prior to the time in question, received
property which he knew to be stolen, from the persons from
whom he received the property in question, as bearing upon his
knowledge that it was stolen.

*Appeal from Pottawattamie District Court.*—HON. N. W.
MACY, Judge.

WEDNESDAY, DECEMBER 11, 1895.

Defendant was indicted, tried, and convicted of
the crime of receiving stolen goods, and sentenced to

three years in the state penitentiary. He appeals.—
*Affirmed.*

*Flickinger Bros.* for appellant.

*Milton Remley,* attorney general, for the state.

Deemer, J.—Defendant was charged with having
received and aided in concealing certain dry goods,
consisting among other things, of sixty-three hoods,
ninety-four handkerchiefs, twenty and one-half yards
of veiling, one hundred and sixty-six yards of lace,
ten hose supporters, eight belts, and other property,
of the aggregate value of eighty-two dollars and
ninety-three cents. It is further charged that this
property was all stolen from the Chicago & North-
western Railway Company, and that the defendant
knew it was stolen at the time he received it. The
state relied upon the testimony of Adolf Kolb and
Peter Knecht, who, it seems, stole the property,
together with the testimony of other witnesses, tend-
ing to show that the goods were actually stolen, that
they were concealed by the defendant, and that, upon
being accused of having received the stolen goods,
defendant at first denied it, but afterwards disclosed
their whereabouts to the officer who was searching
therefor.

I. In the examination of the witness Kolb, the
state was permitted to inquire into transactions
between him and defendant with reference to other
stolen property at a time antedating the com-
mission of the crime charged, and the same line
of examination was permitted as to the witness
Knecht. And in the fifth instruction given by the
court the jury were told, in substance, that they might
consider these transactions for the purpose of deter-
mining whether he received the goods in question with

knowledge of their having been stolen. Each and all of these matters are complained of. We think there is no doubt of the correctness of this procedure. It was certainly competent to show the previous course of dealing between these parties; for if defendant had, prior to the time in question, been receiving from these men property which he knew to have been stolen, it certainly tends to show his knowledge that these particular goods were stolen.

II. In another instruction the court, among other things, said: "If you find that all the facts and circumstances surrounding the receiving of the goods by defendant were such as would reasonably satisfy a man of defendant's age and intelligence that the goods were stolen, or if he failed to follow up such inquiry so suggested, for fear he would learn the truth and know that the goods were stolen, then the defendant should be as rigidly held responsible as if he had actual knowledge," etc. The use of the word "rigidly" is objected to. Taken in connection with the whole instruction, we think it means no more than "to the same extent," or "exactly," and that with this meaning there is no error.

III. The indictment charges defendant with having bought, received, and aided in concealing stolen goods. It is claimed that it is bad for duplicity. The statute makes it a crime for any one to buy, receive, or aid in concealing any stolen goods, etc. The words are used in the statute disjunctively, and in the indictment in conjunction. This is proper pleading and does not involve more than one charge. *State v. Phipps*, 95 Iowa, 487 (64 N. W. Rep. 411), and cases cited. See, also, *State v. Lewis*, 96 Iowa, 286 (65 N. W. Rep. 295). It is said the indictment is bad because it does not state of whom the goods were received, nor who the defendant aided in concealing

them, nor that defendant received them with a felonious intent, or with intent to deprive the owner thereof. The indictment, however, does charge a felonious intent to defraud the Chicago & Northwestern Railway Company. It is not necessary to name the person of whom the goods were received. There is no such requirement in the statute, and such a statement is not needed to enable a person of common understanding to know what is intended, or the court to pronounce judgment, upon a conviction, according to the law of the case. The case of *Shriedley v. State,* 23 Ohio St. 139, is directly in point. See, also, 2 Bishop, Cr. Proc. section 927.

IV. In the seventh instruction the court told the jury, in effect, that they could not convict on the testimony of Kolb and Knecht unless they were corroborated by other evidence tending to connect the defendant with the commission of the offense charged, and that this corroborating evidence must go "not only to the fact of receiving the goods, but also to the fact that the goods were stolen." The instruction is complained of because it does not also require corroboration of the testimony of these accomplices to the fact that defendant knew the goods were stolen when he received them. The instruction is clearly in line with the thought expressed in the case of *Upton v. State,* 5 Iowa, 466. And it is familiar doctrine that "it is not necessary that an accomplice should be corroborated in every material fact to which he testifies. If the jury are satisfied he speaks the truth in some material part of his testimony, in which they see him confirmed by unimpeachable evidence, this may be ground for believing that he also speaks the truth in other parts, as to which there may be no confirmation." *State v. Van Winkle,* 80 Iowa, 15 (45

N. W. Rep. 388). But the instruction complained of proceeds as follows: "But the corroboration need not be by testimony of witnesses alone. It is sufficient if it be by circumstances or circumstantial evidence. And in this case, if it is shown that the goods in question, or some part thereof, were found in the possession of the defendant, and if it is also shown that the defendant concealed or hid them, or denied having them, when the parties called to search the house, such evidence would be corroborating evidence; but the weight and sufficiency of the corroboration you must determine." Taking the whole instruction together, and construing it in the light of the testimony, we think there is no error, whatever may be said as to the incompleteness of the first part of it, before referred to. The case of *Jenkins v. State* (Wis.) 21 N. W. Rep. 232, supports the conclusions here announced. See, also, 1 Am. & Eng. Enc. Law, note to page 80; *Rex v. Birkett*, 8 Car. & P. 732; *Com. v. Savory*, 10 Cush. 535; *People v. Weldon*, 19 N. E. (N. Y. App.) Rep. 279. Another point made against the instruction is that there is no evidence to sustain the last paragraph. Some of the testimony has evidently been overlooked by appellant's counsel, who, we may observe, did not try the case in the court below. There is evidence tending to show that defendant denied having received the goods, and to the effect that they were concealed in a back room, in an old chest, "covered over with a lot of old harness and other stuff."

V. It is further contended that the evidence is not sufficient to justify the verdict. This is predicated largely upon the thought that there was no corroboration of the testimony of Kolb and Knecht; for, if their testimony is to be believed, and they are corroborated as the law requires, there can be no doubt of the correctness of the verdict. As has already been stated,

we find there is corroborating evidence to sustain these accomplices, and, under well-known rules, its weight was for the jury and we cannot interfere. Copies of some affidavits made by these accomplices are appended to the appellant's argument. These we cannot consider. They should be taken to another department of government for consideration. We are united in the conclusion that, while the evidence as to guilty knowledge may not be conclusive, yet we cannot interfere.—*Affirmed.*