## Court of Appeals.

December 19, 1895.

## THE PEOPLE v. EUGENE E. McCLURE.

EVIDENCE—RECEIVING STOLEN GOODS.

> Upon the trial of an indictment for receiving certain stolen goods know-ing them to have been stolen, the rule that it is improper upon the trial of a party for one offense to give proof that he is guilty of another on evi-dence having no connection with the offense on trial, does not apply to a case where it is difficult, if not impossible, to separate the transaction. So held, where the evidence tends to identify the goods covered by the indict-ment, and it appears that the proof in reference thereto justifies the in-ference by the jury that all the goods were taken from the same place, by the same person, at the same time, and were received by defendant from the same person at the same time.

Appeal from supreme court, general term, third department.

Eugene E. McClure was convicted of receiving stolen goods, from a reversal by the general term (34 N. Y. Supp. 974) of a conviction the state appeals. Reversed.

Upon the trial, the people were allowed to prove, under the ob-jections of the defendant, that the defendant, McClure, had re-ceived and had in his possession, at the time the goods of Little & Co. were recovered, the balance of merchandise stolen from the same car at the same time, and presumably by the same person.

John P. Kelly, for the People.

R. A. Parmenter, for respondent.

O'BRIEN, J.—The indictment in this case charged the defend-ant with having received certain goods, knowing them to be stolen. The goods were described as cigars, cigarettes, and pack-ages of tobacco, of certain brands. The proof tended to show that this property was stolen from a railroad car while in transit to certain consignees. In the same car were certain dry goods owned by other persons, and consigned to other parties. The proof tended to show that these dry goods were stolen from the same

car at the same time, and by the same person, and delivered to the defendant. Both classes of goods were found in the defendant's possession. The learned general term reversed the convic- on the ground that it was incompetent, on a trial of defendant upon the charge of receiving the stolen tobacco and cigars, know- ing them to be stolen, to give proof of receiving the stolen dry goods from some other person and at some other time, knowing them to be stolen; that it was improper, upon the trial of a party for one offense, to give proof that he was guilty of another offense- having no connection with the offense on trial. We would have no difficulty in agreeing with the learned general term with re, spect to the general principle. We are unable to see, however, that the rule has any application to this case. It was difficult, if not impossible, to separate the transaction. All the goods were in the same car, and the circumstances were such that the jury had the right to find or infer that all were taken therefrom by the same person. All of them were found in the defendant's posses- sion, and when found, the defendant had a long conversation with the police in regard to the matter, which ended in his restoring. all the goods to the railroad. The defendant's admissions proved by the police were of such a character as to warrant a finding that the defendant received all the goods at the same time, and from the same person. It is true that the defendant, when on the stand as a witness, gave testimony tending to show that the dry goods were received by him at another time and from another person but this was not conclusive. The jury had a right to consider the defendant's admissions at the time of the discovery of the goods, and were not necessarily bound by the subsequent narrative. So that the case did not fall within the rule referred to by the learned court below. The people were bound to identify by proof the pails and packages of tobacco found in defendant's possession as those stolen from the car, and if they could show that other goods contained in the same package with the cigars were found in the defendant's possession after the theft , that fact would aid in the identification of the cigars and tobacco. A perfect identification of the dry goods would help an imperfect identification of the other goods, since they were all taken from the same car, and were found in the same place. So that this was not the case of

receiving other goods at other times and from other persons, but the proof was sufficient for the consideration of the jury, and the inference could fairly be drawn that the defendant received all the goods from the same time, though his own testimony was on the contrary.

But, while disagreeing with the learned general term in this respect, still I think the judgment was properly reversed, for the reason that the record does not show that the defendant was ever legally convicted or sentenced, but does show the contrary. By section 436 of the Code of Criminal Procedure, the jury in a criminal case may either render a general verdict, or where they are in doubt as to the legal effect of the facts proved, they may except upon an indictment for libel, find a special verdict. The next two sections define a general verdict to be "Guilty" or "Not guilty," and a special verdict to be that by which the jury find the facts only, leaving the judgment to the court. It must contain the conclusions of fact as established by the evidence to the satisfaction of the jury, and not the evidence to prove them. The next section provides the special verdict must be reduced to writing in the presence of the jury, and agreed to by them before they are discharged, and entered in the minutes of the court. The case before us contains these minutes certified by the clerk and from them it appears that the jury came into court, and delivered the verdict "that they find the prisoner, Eugene McClure, guilty of receiving stolen goods." The four sections following provide for a hearing by the court upon the special verdict, providing, among other things, that upon such hearing the defendant's counsel shall have the right to close the argument. Section 443 provides that, if the facts found by the jury are not sufficient to enable the court to judge whether or not the facts import a crime then a new trial shall be granted. The object of these proceedings after the verdict is obtained the judgment of the court upon the question whether the facts found do or do not import the crime charged, and if they do not, then the defendant must be discharged. The verdict in this case being special, no sentence could be pronounced until further proceedings before the court, and on these proceedings the defendant must have been discharged, since the facts found do not import any crime. The facts found constitute but

one element of the offense charged, as. guilty knowledge that the goods had been stolen is that main ingredient of the crime. In Miller v. People, 25 Hun, 473, the jury returned the following verdict: "We find the prisoner guilty of receiving stolen goods knowing them to be stolen." It was held that this was a special verdict, which could not be enlarged by intendment, or held to mean more than it expressed, and as it was not found that he received them feloniously, no crime was found, and the judgment of conviction was reversed. The reasons for this result, and the authorities cited in the opinion, apply with full force to this case. We must take the verdict in this case as it has been certified to us by the clerk whose duty it was to record it. It cannot be enlarged or changed by any admissions, verbal or written, which the defendant or his counsel made afterwards. When the defendant was sentenced to the state prison, immediately afterwards the only authority that the court had to act upon was this verdict expressed in the very words quoted. When it was entered in the minutes of the court, the defendant was at that moment convicted or not. If he was not then convicted, he could not be afterwards by admissions, however made.

Now, it appears that long after this verdict was rendered, and after sentence passed, the defendant's counsel made a bill of exceptions, in which it is stated, by way of recital of the proceedings, that there was a general verdict of guilty. It was not necessary in the bill of exceptions, to say anything whatever about the form of the verdict. It is perfectly manifest that this statement is nothing more than an erroneous construction by the counsel of the legal effect of the verdict as entered by the clerk, and to hold that such a statement changes or modifies the verdict as certified by the clerk whose duty it was to enter it, or is to be taken as importing verity against the plain terms of the court record, seems to me utterly impossible.

But there is nothing in this case like a formal judgment record. The only judgment that appears is the sentence of the court. In Messner v. People, 45 N. Y. 1, this court reversed a conviction in a criminal case where the record failed to show that the prisoner, before sentence, was asked by the court what he had to say why judgment should not be pronounced against him. This was said

to be a substantial right, and one of the safeguards which the law gave to the accused, and it was followed in many subsequent cases. Graham v. People, 63 Barb. 468. When the legislature came to codify the criminal law, so important did this right seem to them that it was provided, in section 480 of the Code of Criminal Procedure, that when the defendant appears for judgment he must be asked by the clerk, whether he have any legal cause to show why judgment would not be pronounced against him. In this case the importance of observing that provision is obvious. If it had been complied with, the defendant would then have an opportunity to call the attention of the court to the form of the verdict, and the necessity of further legal proceeding thereon before judgment could be pronounced, and that was the first opportunity that he had to raise the question after the entry of the verdict. If the sentence is to be deemed a judgment, this question remains, for nowhere in the record before us does it appear that the defendant had the benefit of this legal right. Before a person can be deprived of life or liberty, the people are bound to show that every provision of law intended for his benefit or safety has been complied with. The Code also provides what the defendant may show when so asked, in arrest of judgment or otherwise, and it is only after it appears that he has nothing to allege in that regard that the court is permitted to pronounce judgment. For these reasons, I think the general term properly reversed the conviction.

But my brethren do not concur in this last view, but hold that, considering the minutes and their reference to the indictment under which the conviction was had, and the express statement in the bill of exceptions that the jury rendered a general verdict of guilty, this record shows a conviction for the offense charged in the indictment, namely, the receiving of stolen goods with guilty knowledge. This necessarily leads to a reversal of the judgment of the general term, and an affirmance of the conviction.

All concur, except O'BRIEN, J., who dissents from result.

Judgment accordingly.

## NOTE ON "RECEIVING STOLEN GOODS."

Knowledge, on part of receiver, that the goods were stolen, cannot be inferred from the bare fact of receiving the goods. Castleberry v. State (Tex. Cr. App.), 33 S. W. 875.

Nor from the fact that defendant denied that he had received the goods from a negro who had stolen it, and who, he knew, was employed in a merchant tailor's store, and who belonged to the best circles of his people, where he had openly acknowledged that he had received other goods from the thief, and proved good character. Williamson v. Commonwealth (Va.), 23 S. E. 762.

It is not necessary that an indictment for receiving stolen goods should name the person from whom they were received. State v. Fenerhaken (Iowa), 65 N. W. 299.

In order to show knowledge that the goods were stolen, previous transactions between defendant and the thief in reference to other stolen property, are admissible. State v. Fenerhaken (Iowa), 65 N. W. 299.

Testimony of the thieves, on a trial for receiving stolen property, is insufficient to convict, unless corroborated by other evidence connecting defendant with the offense charged, going not only to the receipt of the goods, but also the fact that they were stolen. State v. Fenerhaken (Iowa), 65 N. W. 299.

The corroboration may be by circumstantial evidence. State v. Fenerhaken (Iowa), 65 N. W. 299.

The fact that, if the goods are found in defendant's possession, he conceals, or denies having them, is corroborative. State v. Fenerhaken (Iowa), 65 N. W. 299. The weight thereof is for the jury. Id.

Where the facts are such as would reasonably satisfy a man of defendant's age and intelligence that the goods received were stolen, or where he fails to follow up such inquiry so suggested for fear that he would learn that the goods were stolen, he should be as "rigidly" held responsible as though he had knowledge, etc. State v. Feuerhaken (Iowa), 65 N. W. 299.

It need not be proved, on a prosecution for receiving stolen goods, instituted in the county where the theft was committed, that defendant received the property in such county. Bonner v. State (Tex. Cr. App.), 32 S. W. 1043 ; Moseley v. State (id.), 32 id. 1042.

Though there may be no direct evidence that the defendant received the property from any person who had stolen it, nor any evidence that he had positive information, when he sold it, that it had been stolen, yet the circumstances may constitute potential evidence that the defendant possessed the guilty knowledge alleged in the indictment. People v. Schooley, 149 N. Y. 99 ; 43 N. E. 536. The circumstances, referred to in this case, were his manner of receiving and dealing with the stolen goods; his knowledge and description of the person from whom he claimed to have received them; his acts in transferring them ; the pecularities attending such transfers and his method of payments to the claimed owner, and the fact that they were in his possession. People v. Schooley. 149 N. Y. 99; 43 N. E. 536.

An information, which fails to charge that the goods received by the defendant were stolen goods, is fatally defective. Anderson v. State (Fla.), 20 So. 765.

It is not necessary, in an information for the offense of receiving stolen goods, where it a substantive felony, to state the name of the thief, nor the person from whom the same were received, nor that the name of such person is unknown. Anderson v. State (Fla.), 20 So. 765.

Section 2451, Fla. R. S. makes the buying and receiving of stolen goods, knowing the same to have been stolen, a substantive felony. Anderson **v.** State (Fla.), 20 So. 765.

It must be proved, in a prosecution for receiving stolen property, that defendant knew it was stolen. State v. Goldblat, 50 Mo. App. 186. Such knowledge need not be personal or actual. Id.

The time and place of the theft need not be alleged in an information for receiving stolen property. People v. Smith (Mich.), 54 N. W. 487 ; 94 Mich. 644; State v. Crawford (S. C.), 17 S. E. 799.

Guilty intent, further than the fact that defendant knew the goods were stolen, need not be shown. State v. Smith (Iowa), 55 N. W. 16.