Williams, J.
The indictment on which the plaintiff in error was put upon trial contained two counts, one of which charged her jointly with her husband J. C. Smith, Maggie Gaw and Sarah Leuzler, with the larceny of the property in question, and the other count charged that she, with the persons named, did unlawfully and fraudulently buy, receive, and conceal the property, knowing that it had been stolen. The plaintiff in error, .on her demand, was given a separate trial, in the course of which the state abandoned the count for larceny, and the ease then proceeded on the other count. The property embraced in that count consisted of dry goods, shoes, jewelry, and other articles of merchandise which belonged to, and had been stolen from different merchants in the city of Sandusky. That count describes the various articles of stolen property, alleges their value, names the respective owners, and charges that all of the property was bought, received, and concealed by the parties accused, on the seventeenth day of May, 1897. In the count for the larceny there is the same description of the property and allegations of ownership and value, and the larceny is laid on the same day. A motion to quash each count for duplicity was overruled; and that action of the court is made a ground of error here, the claim being that, as the property of different *358 owners was included in each count, there were as many offenses charged as there were owners of property.
While it is true that the stealing from different owners at different times, however slight the interval, constitute several offenses, a larceny of several articles may be committed by the same act, so as to constitute but one offense, though they are the property of different owners. State v. Hennessey, 23 Ohio St., 339. And so with respect to receiving or concealing stolen property. Many articles stolen at different times from several persons may be received and concealed by the same act, and then there is but one offense. A motion to quash lies only when the objection is apparent on the face of the record; Revised Statutes, section 7249. And as the indictment in the one count avers that all the property described was stolen, and in the other received and concealed, by the accused parties on the same day, it may be treated as charging but one criminal act in each count. It does not affirmatively appear that more than one offense is charged in either count, and the motion was therefore properly overruled.
The evidence tended to prove that some of the goods had been stolen from the stores of the several owners in Sandusky before the day laid in the indictment, and were found on that day in the house where the plaintiff in error resided with her husband, which was in the country some miles distant from Sandusky. It further tended to prove that the plaintiff in error had been in the habit of visiting these stores, where she carried on a species of theft commonly known as shoplifting, and on some occasions was accompanied by her co-defendant Leuzler who engaged in a like mode *359 of stealing; and the two, when together, acted in concert. We have discovered nothing in the evidence to show that any goods stolen by either were delivered to the other. On the day named in the indictment the plaintiff in error and Mrs. Leuzler went together to Sandusky where they visited several stores, from some of which each stole different articles. They were suspected, accused of the thefts, confessed their guilt and put under arrest. The property that day stolen was recovered, and an officer sent to search the houses where the women resided, which were in the same neighborhood, but some distance apart. A considerable quantity of goods of various kinds was found in each house, which the evidence tended to show had been stolen from the different owners named in the indictment, and from their respective places of business, in the manner already stated. All of these goods, together with those stolen on the seventeenth day of May, 1897, were included in each count of the indictment, and their aggregate value laid at two hundred and forty dollars. The court directed the jury, in case they should return a verdict of guilty, to find the value of only so much of the property described in the indictment as had been found in the house of the plaintiff in error, and of that stolen on the seventeenth day of May, 1897, and to exclude all that had been found in Leuzler’s house; and also to return a special verdict showing the value of each item included in the general verdict, and the name of its owner. That was done; the value returned in the general verdict being sixty-five dollars, and the special verdict showing the value of each item of the property, and the name of its owner. The value of no single article *360 amounts to thirty-five dollars, and the aggregate value of all the items of but one owner .equals that sum.
Upon the conclusion of the testimony the defendant, by her counsel, presented the following written instruction which the court was requested to give in charge to the jury: “You must first find from the evidence that a crime has been committed — that the goods alleged in the indictment or some of them were stolen from the owner or owners; and in so finding the jury must take into consideratidn all of the evidence submitted; and having found that a larceny was committed you will find from the testimony that some one other than the defendant here on trial stole the goods, before you can find that she can be guilty of buying, receiving and concealing the same; for if she alone shall have stolen the goods, she cannot be guilty as charged under this indictment of buying, receiving and concealing the same, for the statute comprehends that the buying or receiving and the subsequent concealing to have been from some one who is the thief, and not a receiving from the thief by the thief; the statute contemplates at least two persons in such transactions.” This instruction was refused, and an exception duly entered. Several other instructions on the same subject were requested, all of which, like this one, made the receiving of the stolen property from the thief essential to a conviction. At the request of the state’s attorney the jury were instructed as follows: “If you find from the evidence beyond a reasonable doubt that the goods or a part of them were stolen and that the defendant not only received the stolen goods or a part of them knowing them to be stolen goods, but also assisted in stealing them, or a part *361 of them, she may still be convicted provided some other person or persons assisted in the theft of each piece so received or concealed.” The defendant excepted to this charge.
The crime of larceny is defined, and its punishment prescribed, by section 6856, of the Revised Statutes. And, by section 6858, the buying, receiving and concealing of stolen property, is made a distinctive and substantive offense, separate from that of the larceny of the property, though it is punished in the same way. The offense at common law was limited to the buying or receiving of stolen property; and the thief could not be convicted of that offense, because he could neither be the buyer or receiver of the property from himself, and therefore did not come within the description. The change made by our statute consists in the addition of concealment of stolen property, with guilty knowledge, to the criminal acts of buying and receiving it. But the thief cannot be convicted of that offense, because there is present in the larceny a concealment of the property stolen, with intent to deprive the owner of it, which, whether of long or short duration constitutes a part of that crime, and not the separate substantive one under section 6858; and this is so, though he was assisted by another in the commission of the larceny. The purpose of that section was to provide for cases not included in the one against larceny, and to punish those who, when a larceny has been committed, receives or conceals the fruits of that crime; and to include the thief within that class would subject him to punishment twice or more for a single criminal transaction. We see no reason, however, why a confederate of the thief may not be guilty of both receiving and concealing *362 the property which the latter has stolen, or of either; and it appears to be an established rule that a prosecution for receiving- or concealing stolen property may be maintained against one who was present aiding in the commission of the larceny, and received the property from the principal. Many cases are found which declare that rule, among them Jenkins v. State, 62 Wis., 49, where a conviction was sustained, it appearing from the evidence that the defendant was not the principal, but was present when the latter who understood the combination of a safe lock, unlocked the safe and stole money from it which the defendant received and concealed. The reason of the rule is, that the receiving of the property is subsequent to the larceny in fact, and not a part of it. Hence the rule is inapplicable where the receiving or concealment of the' property is embraced in its caption and asportation. In view of the case the jury had under consideration, they might reasonably have understood the charge to warrant a conviction of the defendant, if there was a confederate in the larceny of the property, though they should find she was the principal who actually committed the theft and did not receive the property otherwise, than in its commission; for it will be observed, they were instructed they might convict, if they should find either that she assisted another in the larceny or was assisted by another in its commission. In this last respect the charge is objectionable.
But we find no error in refusing the instruction requested by the defendant. It is not necessary in a prosecution under this statute to show that the stolen property was obtained from the thief. The offense is made out by proof that, with the *363 necessary knowledge, it was received from anyone.'
The defendant requested another instruction which, in substance, was that, if different articles of the property described in the indictment were stolen at different times, and received and concealed by the defendant at different times and as separate transactions, each transaction would constitute a separate offense; and there could not be a conviction under the indictment of more than one of such offenses. The court gave the instruction, but with the qualification that, if the various articles of property were stolen by the defendant and another person jointly, in pursuance of an agreement that they should be so stolen and received or concealed by the defendant, and they were so received or concealed, such receiving or concealing would be a continuous transaction constituting but one offense, although the different articles were received and concealed at different times and on ' different occasions; and the total value of' all the property should be found accordingly by the jury, as of one offense. To this, exceptions were duly taken.
It cannot be doubted that, in the absence of such an agreement as that referred to in the charge, the receiving- or concealing of stolen property on separate occasions would constitute separate offenses; nor, that the charge applied to the case authorized such offenses of an inferior grade to be united so as to form one crime of a higher grade, to be punished as such, if committed in pursuance of such agreement. The grade of the crime and the degree of the punishment is thus made to depend upon the agreement, and not on the facts of its commission. Such agreement is not an ingredient of the offense of receiving or concealing stolen *364 goods, and its only effect, we apprehend, would be to make each party to it an accessory to the crimes committed by the other in pursuance of it. It could not affect the character of the crimes as actually committed, nor change those which, as committed, were separate misdemeanors, into one amounting to a felony.
And we believe there is no sound principle upon which it can be maintained that separate offenses, committed at different times, and each consisting of its own distinct facts, may be regarded as a continuing transaction constituting one crime equal in magnitude to them all combined, because of an agreement among parties- that they would engage in their commission when and as opportunity might permit. Nor have we found any authority in point which sustains the proposition. The cases of People v. Stein, 1 Park. C. C., 202; State v. Crawford, 39 S. C., 343 (17 S. E. Rep., 799) and Levi v. State, 14 Neb., 1, cited in support of the charge fail, we think, to sústain it. The only question raised or decided in the first of these cases was, as stated by the court, “whether to convict ail (who were jointly indicted for receiving embezzled goods), it was necessary that all should be present at one time and place engaged in receiving.” And the court held, in accordance With the well established rule that, all who were proved to have confederated in the transactions, could be convicted, though the receiving was at different times and places, and though the defendants were not present. The question we have here was not involved, or passed upon. The case of State v. Crawford rests upon a peculiar statute of South Carolina, which, after defining the crime of receiving stolen property, contained a proviso that, *365 when the chattels stolen were of less value than twenty dollars the punishment should not exceed imprisonment in the county jail for a specified period, or a fine of a certain amount. There had been stolen at one time from a railroad car, goods of more than twenty dollars .in value, parts of which were found in the defendant’s possession at one time and parts at another. The defendant claimed that, as the value of the goods received by him at one time did not exceed twenty dollars, he was not liable to punishment beyond that fixed in the proviso. But the court held that under the statute the degree of punishment did not depend on the amount of the goods received, but on the value of those stolen. “The test of the proper punishment,” said the court, “being not the value of the property found in the possession of the defendant, but the value of the whole property stolen.” In the other case, levi v. State, the stolen goods were received at different times, but it appeared that the value of those received at each time was more than was necessary to support the conviction; and hence the charge to find the value of all the goods was immaterial, and was not excepted to.
While the concealment of stolen property is a continuing act as long as the property remains in the control of the concealer, its continued control does not create new offenses from day to day, but relates back to, and is connected with the original act of concealment, forming no part of an offense arising from the subsequent concealment of other property, though the property embraced in both offenses be found in the offender’s possession at the same time and place. Being separate offenses when committed, they remain such notwith *366 standing the lapse of time, or the commingling of the goods. Nor, does a new act of concealment arise from the discovery of the property. Its being, found in the possession of the accused is an important fact in the proof of the crime, and, in the absence of evidence showing that different parts of the property were received or concealed at different times, such possession unexplained, coupled with the necessarj* proof of the scienter, would be sufficient to warrant a conviction according to the value of all of the property. That, however, is not purport of the charge. It warranted a conviction of an offense corresponding in degree with the value of all of the property, although it should be established to the satisfaction of the jury that different parts of it were received and concealed by the accused on separate and distinct occasions. It was a rule of the common law, and is ■ now a statutory one, that when the thief carried the stolen property from one coun by to another, he might be convicted in either, on the principle that, as the property remained that of the owner, each removal of it was a new taking; and now by statute that rule is applied to receivers of stolen property. Revised Statutes, section 7213. We know of no authority, however, statutory or otherwise, to the effect that each day of concealment in the jurisdiction where the offense was committed shall be treated as a new offense, or regarded as repeated whenever other stolen goods are added to those concealed, so as to form one crime whose g’rade is to be determined by their aggregate value. It may be that legislation would be wholesome which would enable a series of petit offenses of this nature, when the total value of the property involved amounted to enough to constitute a felony, *367 to be punished as such; but as far as our legislation has gone is to provide for cumulative sentences and increased punishment for petit larcenies and other misdemeanors after three convictions.
The court denied a request of the defendant to direct the jury to make special findings in answer to certain written interrogatories submitted; and that is assigned as error. Counsel rely on sections 5200 and 5201, of the Revised Statutes, but those sections are part of the civil code, and have no application in criminal cases. There appears to be no corresponding provision in the criminal code. The verdict on the issue of not guilty is regulated bv the oath which the jurv is required to take, and that is to well and truly try and true deliverance make between the state and the prisoner. Revised Statutes, section 7281. The court therefore properly denied the request.
For the errors in the charge ■which have been pointed out, the judgment is reversed and cause remanded.
Spear, C. J., and Minshall, J., dissent.