THE STATE v. BELL.

1. **New Trial**: NEWLY DISCOVERED EVIDENCE. An application for a new trial on the ground of newly discovered evidence must not only show due diligence to obtain the testimony after its discovery, but must also contain a showing of diligence to discover the existence of the testimony.

2. **Criminal Law**: INDICTMENT. Proof that the crime was committed at some other time than when charged in the indictment, but within the time prescribed by statute limiting prosecutions for the crime, does not constitute a fatal variance.

3. ———: SEDUCTION: INSTRUCTION. While unchaste character may be inferred from other matters than wantonness and indiscretion in conduct, yet an instruction limiting the attention of the jury to these things was not erroneous, in the absence of other proof of unchaste ·character than that based on wantonness and indiscretion.

4. ———: CORROBORATIVE EVIDENCE. While the court must determine the competency of evidence offered as corroborative, yet the jury must determine its weight and credibility.

*Appeal from Mills District Court.*

FRIDAY, OCTOBER 25.

THE defendant was convicted of the crime of seduction, and sentenced to a term of imprisonment in the penitentiary of

the State, and now prosecutes his appeal to this court. The facts of the case appear in the opinion.

*Watkins & Williams,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

Beck, J.—I.   The indictment was presented to the District Court at its September Term, 1877. A continuance was granted upon the application of defendant. At the next term (March 6, 1878) he again applied for a continuance on account of the absence of a witness by whom he alleged he could prove that the prosecutrix was an unchaste woman, and that the witness had, prior to the time of the offense, sexual intercourse with her. · The motion was overruled, and this action of the court constitutes an alleged ground of error. The affidavits supporting the motion show that defendant first obtained knowledge of the evidence of the absent witness about one month before the trial, and it is probably made to appear that due diligence was used to procure the evidence by deposition. But no showing is made of proper diligence used to discover the testimony before it was made known to defendant, and that it would not have been discovered by such diligence. The defendant was not only required to show the court that he made proper effort to obtain the testimony of the witness after he discovered its purport, but that he was reasonably diligent in the preparation of his case for trial by the use of proper exertions to discover evidence in his own behalf. This he fails to do. The court below correctly overruled the motion for a continuance.

II.   The prosecutrix testified quite positively that the crime of defendant was consummated on the 7th of July, the time charged in the indictment, at the house of a person named by her. The defendant introduced evidence tending to prove that he was not at the house named within three or four days of the time fixed by the prosecutrix. The

instructions given to the jury were to the effect that if they found the crime had been committed on another day, yet within the time prescribed by the statute limiting indictments in such cases, it would be sufficient to authorize conviction.    This instruction, and others, which left to the jury the determination of the time of the offense, are made the grounds of objection. The error of counsel, in presenting these points, is this: They hold the jury bound to accept the testimony of the defendant's witnesses as conclusive as to defendant's absence at the time named, and that, if he was absent, the testimony of the prosecutrix must be disregarded, and cannot be corroborated because of her error or mistake as to the day upon which the crime was consummated.    But the jury were correctly required to reconcile this conflict of evidence, which may have been done by disregarding the testimony of defendant's witnesses, or by accepting it and finding that the prosecutrix had been innocently mistaken as to the precise day of the commission of the crime.

III.    An instruction directed the jury that if they found defendant induced the prosecutrix to have sexual intercourse with him "by flattery, promises, or other arts or devices," he is guilty of the crime charged in the indictment.    Counsel object to this instruction on the ground that if the woman was overcome by violence, or rendered incapable of resisting by anæsthetics administered by defendant, the instruction would authorize conviction for seduction.    Without stopping to inquire whether defendant would or would not be guilty of that crime under the circumstances named, it is sufficient to say that as there was no evidence of the use of violence or drugs by defendant, the court and jury could not have understood the language of the instruction to be applicable thereto. The arts and devices referred to in the instruction were those of a moral character, influencing the will of the prosecutrix, and not such as overcome the will or suspend its exercise.

IV.    The defendant introduced evidence tending to show

that the prosecutrix, before the time of the seduction as alleged by her, had intercourse with other men, and was wanton and indiscreet in her actions. The court instructed the jury that the law presumed her chaste, but this presumption may be overcome by proof that she had sexual intercourse with other men before her seduction, or by proof of wantonness or indiscretion on her part indicating that she was not chaste in character; and if the jury found such wantonness and indiscretion they were authorized to conclude she was not of a chaste character.

*3. ——: seduction: instruction.*

Counsel object to the instruction on the ground that it limited the jury, in determining the question of the chaste character of the prosecutrix, to inquiries as to her wanton and indiscreet acts. They insist that an unchaste character may be shown by improper association, conversation and the like, as well as by wanton and indiscreet conduct. This may be quite true; but there was no testimony tending to establish unchaste character in any other way than by showing her wantonness and indiscretion. . Immoral associations, impure conversation and the like, were not attempted to be shown, as grounds upon which unchaste character could have been inferred. The instruction, then, was applicable to the evidence, and is not erroneous in that it fails to direct the jury to inquire as to indications of impurity from matters not before them in the testimony.

V. The jury were instructed that they were to determine whether the testimony of the prosecutrix was sufficiently corroborated by other evidence connecting defendant with the commission of the crime to authorize a conviction. The counsel for defendant, objecting to this instruction, insist that the court is to determine whether evidence is corroborative, and the jury is to pass upon the credibility of the witnesses. The proposition is true, as far as it goes. It would be a full statement of the rule by the addition of the thought that the jury are also to determine the weight of the evidence. The court, in admitting the evidence

*4. ——: corroborative evidence.*

applicable to the corroboration of the prosecutrix, passed upon its competency. The jury passed upon the weight of the testimony. They determined the credibility of the witnesses, and the effect of the evidence in supporting the testimony of the prosecutrix. If they believed the witnesses it was for them to determine, in weighing the testimony, whether the evidence corroborated the testimony of the prosecutrix. The instruction is correct.

Other instructions given by the court are subject to no well founded objections, and those asked by defendant were either inconsistent with views we have expressed, or, so far as they announce correct rules, are covered by those given.

The evidence, in our opinion, supports the conviction.

We discover no ground for disturbing the judgment of the court below. It is, therefore,

AFFIRMED.