## THE STATE v. JORDAN.

1. **Larceny**: EVIDENCE EXPLAINING POSSESSION: HEARSAY. The words
   of a person may be proved by one who heard them, where the speak-
   ing the words, and not the truth of them, is the material question. And
   so a person charged with larceny may explain his possession of the
   stolen property by showing what was said to him at the time he
   acquired possession. *State v. Kelly*, 57 Iowa, 647, followed.

2. ——: POSSESSION AS EVIDENCE OF GUILT. The unexplained posses-
   sion of recently stolen property is a circumstance tending to show guilt,
   but it may be overcome by other evidence.

*Appeal from Sac District Court.*

TUESDAY, OCTOBER 12.

THE defendant was indicted and tried for the crime of lar-
ceny in stealing two colts, the property of one Stewart.
Having been convicted, he appeals to this court.

*Ed. R. Duffie* and *S. M. Elwood,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

ADAMS, CH. J.—I.   The evidence showed that the colts in question disappeared from the pasture of their owner, Stewart, in Sac county, and a few days later were in the possession of the defendant and one Thompson, in Crawford county, and were exchanged by the defendant to one Evarts for a bay mare and $25.   Just before the colts were taken to Evarts they had been in the pasture of one Myers, and were taken therefrom to Evarts by the defendant and Thompson.   Who put the colts in Myers' pasture does not appear.   The defendant testified that they were there when he first saw them.   His claim is that he could have shown, if he had been allowed, that Thompson, who was an old acquaintance, represented that he was the owner of the colts; that he went along with him when the colts were taken to Evarts, which was on the way to where Thompson lived, but, on seeing Evarts, the defendant, acting for Thompson, traded the colts to Evarts for the mare.   For the purpose of explaining such possession as he. had, which appears at most to have been only a joint possession with Thompson, he undertook to state that Thompson claimed to be the owner, and other things which Thompson said. . But the court excluded all evidence of that kind on an objection being made that such evidence was hearsay.   The ruling of the court in excluding the evidence is assigned as error.

1. LARCENY: evidence explaining possession: hearsay.

It appears to us that if the defendant derived such possession as he had from Thompson, and the latter claimed to be the owner, such fact would have tended to explain the defendant's possession. The words of a person may be proven by a person who heard them, where the speaking of the words, as in this case, and not the truth of them, is the material fact.   Such evidence is not hearsay evidence.   That a

person charged with larceny may explain his possession of the stolen property by showing what was said to him at the time he acquired possession, was held in *State v. Kelly*, 57 Iowa, 647. We think that the court erred in excluding the evidence.

II. The court in one of its instructions said to the jury: "If it [the defendant's possession] has not been explained in

2. ———: possession as evidence of guilt.

a manner consistent with the defendant's innocence, then you should convict." The giving of this instruction is assigned as error. In our opinion, the instruction cannot be sustained. A conviction does not necessarily follow from the fact that the defendant was found in the recent possession of stolen property, and that the possession is unexplained. It was held in *State v. Kelly*, above cited, that the presumption arising from possession may be overcome. In the case at bar the defendant testified that he saw the colts for the first time in Myers' pasture, which was after the larceny. Under the instruction the jury was bound to convict if they regarded the possession as unexplained, and that, too, even though they believed the defendant as to when and where he saw the colts for the first time. It is true that in a former part of the instruction the court said that the recent possession by the defendant of stolen property, if unexplained, is a circumstance tending to show guilt; but the court did not say that it is only that, but did virtually hold, before the instruction was concluded, that it was evidence of guilt not to be regarded as overcome by any other evidence in the case.

In our opinion, the judgment must be

REVERSED.