STATE OF IOWA V. JAMES T. HAYES, Appellant.

**Evidence:** SEDUCTION. A finding that defendant charged with seduction of a girl seventeen years old made use of seductive arts, is sustained by evidence that he was on very friendly terms with the prosecutrix; that she was intimate with his family, and that at the time of the alleged seduction he put his arm around her and began to coax and flatter, and told her that it would not hurt her to have intercourse with him.

**Conflict:** APPEAL. In a prosecution for seduction, where prosecutrix had been delivered of a child, and the evidence whether defendant had had sexual intercourse with her was conflicting, she affirming and he denying it, the verdict against him will not be disturbed.

**CORROBORATION.** Corroboration of prosecutrix' statement that defendant committed the seduction may be found in the relation of the parties and the attending circumstances.

**INSTRUCTIONS.** Though prosecutrix on rebuttal, stated the date on which she had intercourse with the defendant a week earlier than on her first examination, an instruction that the particular day was not material, provided the seduction occurred within eighteen months before the indictment, is not objectionable as justifying the jury in inferring that defendant's evidence, tending to show that he was not with prosecutrix at the time first stated by her, was immaterial and incompetent.

*Appeal from Scott District Court.*—HON. P. B. WOLFE, Judge.

THURSDAY, APRIL 7, 1898.

DEFENDANT was indicted, tried, and convicted of having, on the twenty-eighth day of October, 1894, feloniously seduced and debauched one Charlotte Kelly, an unmarried woman, of previously chaste character. Judgment was entered against him that he pay a fine of one thousand dollars, and be imprisoned in the

county jail for a term of one day; also for costs. Defend-
ant appeals.—*Affirmed.*

*Davison & Lane* and *Emmett M. Sharon* for appel-
lant.

*Milton Remley,* attorney general, and *Ambrose P.
McGuirk* for the state.

GIVEN, J.—I. Appellant's first contention is that
the evidence does not support the judgment. There is
no question but that the prosecutrix was, at the time
of the alleged seduction, an unmarried woman, of pre-
viously chaste character. The contentions are whether
the defendant had sexual intercourse with her with her
consent, and whether her consent was procured by
artifice, promise, flattery, or deception on the
part of the defendant. That some man had sex-
ual intercourse with the prosecutrix about
the time alleged is placed beyond question by
the fact that she was delivered of a child on the
twenty-second day of July, 1895. The evidence is
conflicting as to whether the defendant had sex-
ueal intercourse with the prosecutrix, she affirming
and he denying that he did. We will not discuss the
evidence upon this proposition. It is sufficient to say,
under it we are not warranted in disturbing the finding
of the jury that the defendant did have sexual inter-
course with the prosecutrix, with her consent, about
the time charged in the indictment.

II. Appellant's further contention is that the evi-
dence fails to show that consent was procured by arti-
fice, promise, flattery, or deception on his part. In
*State v. Fitzgerald,* 63 Iowa, 268, it is said: "There is
no legal standard by which to determine what false
promises, artifices, and deception are sufficient to consti-
tute the crime of seduction. Of course, mere unlawful

commerce for a consideration paid is not seduction.
There must be some artifice or false promise by which
the virtuous female is induced to surrender her person
to the accused. What would be sufficient to overpower
the mind of one woman would be insufficient to lead
away another of more mature mind and discretion."
In that case the defendant was a married man, aged
about fifty years, and the prosecutrix about twelve. In
this case the defendant was a widower, thirty-eight
years of age, and the prosecutrix a girl of seventeen.
The defendant's family consisted of himself, a young
lady sister, who kept house for him, and his four chil-
dren. The prosecutrix resided with her parents near
by, attended the high school, and was a frequent visitor
at the defendant's home. There is no dispute but that
on a Sunday evening, about the latter part of October,
1894, the prosecutrix started from defendant's home to
go to the house of a friend, and that the defendant
walked with her. She testifies that the defendant had sex-
ual intercourse with her that evening, on the steps of an
unlighted church; that, upon reaching the street that led
to her friend's house, she was about to turn into that
street, when the defendant said, "Come over to Perry
street, and I will go with you;" whereupon they
passed onto Perry street, and to the steps of the
church. She further testifies as follows: "He
said, 'Let's go up and sit down on the steps.' So we
went up there. While up there, at first he put his arm
around me, and then began to coax and flatter and say
things. Then he asked me if I had ever had intercourse
with anybody. I told him, 'No,' and he said 'Well, it
won't hurt you.' He began to ask me, and I said 'No' at
first. And he said: 'No; it wont hurt you. This has
been done before,' Then he talked awhile, and he says,
'Come up back here on the steps, and lie down;' and I
did it. And then I didn't remember anything until then

it just come to me that I had been to holy communion, and I said, 'Oh! I have been to communion this morning;' and then he got up, after he had succeeded in having intercourse." The court instructed to the effect that if the prosecutrix voluntarily, and in response to mere solicitations or persuasions, and without flattery or artifice on his part, submitted to intercourse with the defendant, it would not be seduction under the law. "In order to make out the crime charged in the indictment, it must be shown that the consent of said Charlotte Kelly to the sexual act was procured by the defendant through some artifice or flattery on his part. If you find that the defendant, by his language and conduct towards the prosecutrix, flattered her, and by such flattery induced her to submit her person to the gratification of his sexual desires, such an act on his part would be a seductive artifice, within the meaning of the law." No complaint is made of this instruction, and thereby the question whether consent was secured by seductive artifice was fully and fairly submitted to the jury. While, as to a woman of mature years, it might be questioned whether the acts proven showed seductive artifice, we think that, because of the tender age of the prosecutrix, the relation of the parties, and all the attending circumstances, the jury were warranted in finding that consent was induced by seductive arts. Such conversation, caressing, and false assurances coming from a friend of defendant's age and experience to a girl of seventeen may well be held to constitute seductive arts. *State v. Bollerman*, 92 Iowa, 460, cited by appellant, is quite different in its facts from this case. In that case the evidence showed an entire absence of consent. More nearly in point is the case of *State v. Higdon*, 32 Iowa, 262.

III. Appellant further contends "that there is an entire absence of corroborating testimony required

by the statute." In pursuing this inquiry, we may assume, because of what is already stated, that the crime of seduction was committed, and the inquiry is whether there is evidence tending to corroborate the prosecutrix in her statement that the defendant committed it, or, in other words, tending to connect the defendant with the commission of the crime. Authorities are cited to the effect that evidence of opportunity and of the birth of the child do not constitute such corroboration. The jury was properly instructed upon this subject, and the question of corroboration submitted to them. The corroboration is to be found, not in any one particular fact, but in the relation of the parties and the attending circumstances, as disclosed in the evidence. We will not discuss these circumstances, but content ourselves with saying that they present such corroboration as that we would not be warranted in disturbing the verdict because of an absence of corroborating testimony.

IV. The court instructed that it was not material to the case that the seduction occurred on the particular day named by the prosecutrix, provided that it did occur within eighteen months prior to the finding of the indictment, September 14, 1895. Appellant does not question the correctness of this instruction as an abstract proposition, but insists that it was prejudicial to him, in view of the state of the evidence as to when the alleged crime was committed. The prosecutrix testified on her first examination that the intercourse on the church steps was on the evening of the fourth Sunday of October, 1894. She also testified that the defendant had sexual intercourse with her on the next Sunday afternoon, at his house, where she had stopped on her way going to vespers. The defendant introduced evidence tending to rebut the evidence that he was with the prosecutrix on the evening of the fourth Sunday of

October, and that she was at his house on her way to vespers the next Sunday evening. Prosecutrix was called in rebuttal, when she testified as follows: "Yes; I have an explanation to make as to dates. I have got the two dates that I had intercourse with Mr. Hayes mixed up. The second Sunday that I had intercourse with him was the twenty-eighth of October, 1894, and the Sunday before, on the twenty-first, was the first time, and was the time that we walked to the Congregational church, on the twenty-first of October, 1894; and the Sunday after this second intercourse was the Sunday Mrs. Morgan brought home the little girl Ella." Appellant insists that the jury was justified in inferring from the instruction that his defense as to the time was not competent or material, and that the fact proven by him that intercourse could not have taken place at the time stated by the prosecutrix was not material. We do not think the instruction could be so understood. It simply directed the jury that the crime need not be proven to have been committed on the day alleged, and that it was sufficient if it was proven to have been committed within eighteen months prior to the finding of the indictment. The defense as to time went to the question as to whether the crime had been committed by the defendant, and the jury must have so understood from all the instructions. Appellant seems to have had a full and fair trial, and, in our opinion, the findings of the jury on each element of the alleged crime has such support in the evidence as that, under a familiar rule, we should not disturb the verdict.—Affirmed.

Waterman, J., takes no part.