Bledsoe v. State.

.HARRY BLEDSOE *v.* THE STATE.*

(*Jackson.*  April Term, 1916.)

1. **RAPE.**  Evidence.  Corroboration of female.

In Pub. Acts 1911, chapter 36, providing punishment for criminal
abuse of females, the proviso that no conviction shall be had
on the unsupported testimony of the female is complied with
if there is adduced sufficient evidence of another than the fe-
male which fairly tends to convict the defendant of the crime.
(*Post, p.* 144.)

Acts cited and construed:  Acts 1911, ch. 36.

Cases cited and approved:  Clapp v. State, 94 Tenn., 186;  Suther
v. State, 118 Ala., 88;  State v. Hayes, 105 Iowa, 82;  State
v. Brassfield, 81 Mo., 151.

2. **RAPE.**  Evidence.  Corroboration of female.

Such evidence need not be direct and positive, in the sense of
being sufficient to convict, independent of that of the female
alleged to have been debauched, but simply as to such facts or
circumstances as tend to support· the female in her testimony
upon fact or facts essential to constitute the offense.  (*Post,
pp.* 144, 145.)

Cases cited and approved:  Wright v. State, 31 Tex. Cr. R., 354;

State v. Smith, 84 Iowa, 522.

---

FROM SHELBY

---

Appeal from the Criminal Court of Shelby Coun-
ty.—JESSE EDGINGTON, Judge.

*As to whether the corroboration of prosecutrix necessary to
conviction of rape be supplied by her own complaints out of court
see note in 26 L. R. A. (N. S.), 1149.

PRESCOTT & MAGEVENY, for appellant.

W. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Conviction for violating the age of consent statute, and appeal.

Acts 1911, chapter 36, providing for punishment for the criminal abuse of females, contains a proviso applicable to offenses against females of certain ages to the effect that "no conviction shall be had for said offense, on the unsupported testimony of the female in question."

This proviso is complied with if there is adduced sufficient evidence of another than the female which fairly tends to convict the defendant of the commission of the crime; and this evidence may be in relation to material and substantive fact or facts which may lead the jury to the finding that she is worthy of credit. *Clapp* v. *State,* 94 Tenn., 186, 195, 30 S. W., 214; *Suther* v. *State,* 118 Ala., 88, 24 South. 43; *State* v. *Hayes,* 105 Iowa, 82, 74 N. W., 757; *State* v. *Brassfield,* 81 Mo., 151, 51 Am. Rep., 234; 11 Enc. Ev., 698.

Further, the corroborative evidence need not be direct and positive, in the sense of being sufficient to convict, independent of that of the female alleged to have been debauched, but simply as to such facts or circumstances as tend to support the female in her

testimony upon fact or facts essential to constitute the offense. *Wright* v. *State,* 31 Tex. Cr. R., 354, 20 S. W., 756, 37 Am. St. Rep., 822; *State* v. *Smith,* 84 Iowa, 522, 51 N. W., 24.

The legislative policy of this State, as evidenced by several enactments, has been consistently progressive in respect of the punishment of offenses of this character; and we believe that sound judicial policy dictates that the procedure under the acts should not be too stringent in respect of the proof requisite to support the female. The statutes were intended to safeguard the young womanhood of the State, thereby protecting the social fabric at its base; and we feel no inclination to declare a stricter rule than the one above, touching proof thereunder.

The testimony in the case at bar we find to be sufficient to corroborate the young girl debauched who testified in behalf of the State.

Affirmed.