STATE OF IOWA, Appellee, v. R. M. IRELAND, Appellant.

LARCENY: Recent Possession—Assumption of Issuable Fact. Instruc-
1    tions as to the effect of recent possession of stolen property wherein the court even impliedly assumes possession as a fact are manifestly prejudicial when the fact of possession is a question of grave doubt.

CRIMINAL LAW:    Alibi—Time and Distance as Element.    An alibi
2    may constitute a complete defense, even though the testimony relating thereto places the defendant at a place from which he might easily have reached the scene of the crime at the time when the crime was committed.    Time and distance are not necessarily controlling.

*Appeal from Polk District Court.*—GEORGE A. WILSON, Judge.

NOVEMBER 15, 1921.

DEFENDANT appeals from a conviction in the court below of the crime of larceny. The facts are fully stated in the opinion. —*Reversed.*

*Fred A. Utterback* and *John McLennan*, for appellant.

*Ben J. Gibson*, Attorney-General, *John Fletcher* and *B. J. Flick*, Assistant Attorney-Generals, for appellee.

STEVENS, J.—I. The defendant was tried upon an indictment charging him with the larceny of a Ford automobile. The defendant, in addition to testifying in his own behalf, offered evidence of an alibi. The automobile was stolen from Riverview Park, in the city of Des Moines, where it had been parked by C. A. Arnold, the owner, about 10 o'clock P. M., July 26, 1919. The defendant and a soldier by the name of Robinson were arrested at a rooming house at 319 Ninth Street, in the city of Des Moines, about 12 o'clock on the same evening, upon the charge of having stolen the car. William Carpenter and a party by the name of McElhaney, both of whom were engaged in the restaurant business in Des Moines, went to the rooming house, some time after the car was stolen, and before the arrest of defendant and Robinson, and there met them. The defendant was intoxicated. He asked Carpenter to go to the Royal Hotel, situated at Seventh and Mulberry Streets, and get $25 that he had on deposit there, and at the same time said to Carpenter, "You can drive my car down." Carpenter and McElhaney went in the car to the Royal Hotel, and, while Carpenter went into the hotel to get the money for the defendant, McElhaney waited for him in front of the hotel. Courtright, a police officer, who had a description of the car, came along, and, after some conversation with McElhaney and Carpenter, went with them to the rooming house, where they found the defendant and Robinson and Dickerson, who was proprietor of the house. After Carpenter gave the defendant the money, Courtright inquired whose car it was. To this inquiry, the defendant replied that it was his; that he bought it from Herring; and that he had a bill of sale therefor. Courtright thereupon arrested the defendant, and started with him to the police station. When they reached the sidewalk in front of the house, the defendant voluntarily told Courtright that the car did not belong to him; that it belonged to the soldier upstairs,—that is, Robinson. Courtright re-entered the rooming house, arrested Robinson, and took him and the defendant to the police station. The arrest was made about midnight.

The above is all of the testimony introduced by the State. Robinson was indicted and convicted of the larceny of the car.

The defendant, called as a witness in his own behalf, testified, in substance, that he had lived at the Royal Hotel for about three months; that, on the evening in question, he remained in his room until about 8 o'clock; that, between 8 and 8:20, he gave his wife $10, to pay on a dress; that she then went to the mercantile establishment of Askin & Marine, and returned to the hotel at about 8:30 or a quarter to 9, and told the defendant that she was to have the dress at 10 o'clock; that they then went to the Empress Theater, but that, when he was in the act of buying tickets, the defendant's wife said that the theater would not be out in time for her to get her dress; that they then changed their plans, and walked about the streets, going first to the Union Station, to ascertain the fare to New York City,— the defendant's wife contemplating a trip to that place, to visit a member of the family who was ill; that from there they went to a fruit store and temp bar kept by Tony Morasco on the corner of Seventh and Mulberry Streets; that they arrived at the fruit store about 10 o'clock; that the clock struck 10 while they were at the store, where they remained about 15 minutes, and then went to the hotel, where the defendant sat in a chair for a few minutes, when Robinson, who was sitting in the Ford automobile near by, called to him; that he went to the automobile, and was invited by Robinson to take a ride; that he got in the car, and was driven by Robinson to a place on Ninth Street, for the purpose of getting some liquor. He then testified to the transaction with Carpenter and McElhaney, and to his arrest by Courtright. His wife, the proprietor of the fruit store and temp bar, and other witnesses corroborated the statements of the defendant as to his whereabouts during the evening. Except for such inferences as may be drawn therefrom, the testimony is practically undisputed. No direct testimony was introduced by the State to disprove the defendant's claim as to his whereabouts during the evening. It will thus be seen that the conviction was based upon testimony that the defendant and Robinson were together at the rooming house shortly after the crime was committed, and at the time of the arrest,

and upon the statements made by him to the parties named, as to the ownership of the car.

The defendant and Robinson became acquainted with each other at Camp Dodge, some time before the incidents narrated.

The propositions relied upon by appellant for reversal are that the evidence is insufficient to sustain a conviction, and that error was committed by the court in Instructions 6 and 11 of the court's charge to the jury.

We will first dispose of the alleged errors in the instructions. Instruction No. 6 relates to the effect to be given to evidence of the possession of recently stolen property, and Instruction 11,

1. LARCENY: re-
cent possession:
assumption of
issuable fact.

to the defense of alibi. Neither of these instructions is so framed as to fully meet the requirements of the facts of this particular case. One of the complaints lodged against Instruction 6 is that it assumes that the defendant was found, on the evening of the larceny, in the possession of the stolen property. No other instruction touching the subject of possession was given, nor was any requested. The State offered no other direct evidence for the purpose of proving that the defendant was in possession of the stolen property, except his declarations of ownership thereof. Clearly, he was not shown to have been at any time in the actual possession of the automobile. Assuming the truth of his claim, that he rode with Robinson in the stolen car from the Royal Hotel to the rooming house, where he was arrested, this alone would not prove that he was in possession of the car. *State v. Keller,* 191 Iowa 740.

Robinson was present when the statements attributed to the defendant, and not denied by him, were made to Carpenter and McElhaney, and also when the statements were made to the policeman who made the arrest. The defendant further testified that Robinson told him, while they were in the car, that he had just bought it, and had applied for a license, but had not yet received the number plate. The automobile was a new one, purchased by Arnold two or three days before the larceny.

Judge Franklin, of the municipal court of Des Moines, called as a witness on behalf of the defendant upon the trial below, testified that Robinson swore, at his preliminary examination, that the car belonged to him, and that the defendant had

no interest in it.  As a mere abstract proposition of law, Instruction No. 6 may be fairly in harmony with the prior decisions of this court.  *State v. Brady*, 27 Iowa 126; *State v. Golden*, 49 Iowa 48; *State v. Richart*, 57 Iowa 245; *State v. Peterson*, 67 Iowa 564; *State v. Wilson*, 95 Iowa 341; *State v. Hopkins*, 65 Iowa 240; *State v. Emerson*, 48 Iowa 172; *State v. Jordan*, 69 Iowa 506; *State v. Hayward*, 153 Iowa 265.

The record in this case leaves it very uncertain, at best, whether the possession of the stolen property was ever in the defendant.  We think that, notwithstanding the fact that the instruction may not be, abstractly, objectionable, yet, without other instructions upon this question, or a more complete and adequate statement of the rule than therein stated, the court failed to fairly submit this proposition to the jury.  The instruction, standing alone, without further aid from the court, is fairly open to the challenge made by the defendant.  The jury, it seems to us, must necessarily have inferred therefrom, without more, that the defendant, when apprehended, was in the possession of the automobile, and that, if he failed to satisfactorily explain such possession, unless the other facts and circumstances shown in the evidence raised a reasonable doubt of his guilt, he should be convicted.  The evidence offered by the defendant was clearly not intended primarily to explain the possession of the automobile.  The defendant made no denial of the alleged statements of ownership, but testified that the car did not belong to him, and that he had no other connection therewith than to ride with Robinson to the rooming house, to get something to drink.  What the defendant really sought was to establish that he never had possession of the automobile, rather than to explain his alleged possession thereof.

II.  We need not set out Instruction 11, on the subject of alibi, in full, but we call attention to the following paragraph thereof:

2. CRIMINAL LAW: alibi: time and distance as element.
"The defense of alibi, to be entitled to consideration, must be such as to tend to show that, at the very time of the commission of the crime charged, the accused was at another place, so far away, or under such circumstances, that he could not have reached the place

where the crime was committed, so as to have committed the crime."

Had proper exception been taken to this paragraph of the instruction, the objection must have been sustained. Exceptions were taken thereto, which are covered in argument, but they do not go to the error in this part of the instruction. The circumstances of a given case might be such as to justify the giving of the quoted paragraph. *State v. Bosworth,* 170 Iowa 329. The word "alibi," as used in this connection, means simply "elsewhere," "at another place." *Peyton v. State,* 54 Neb. 188 (74 N. W. 597); *State v. Bosworth,* supra.

The portion of the instruction quoted makes time and distance controlling elements of the proof offered to sustain this defense. This is error. *Peyton v. State,* supra. The defendant admitted that he was in the city of Des Moines on the night in question, and the evidence shows that Riverview Park could easily have been reached by him in time to have committed the crime. No one contends to the contrary. The claim of the defendant is that he was not at the place of the crime, but that he was at another place, and therefore could not be the guilty party. The comparative remoteness of such other place bears only on the weight and effect to be given the circumstances. The jury must necessarily have found from the evidence that the defendant could readily have reached the place where the automobile was parked and from which it was stolen. The paragraph quoted unduly emphasizes this element. The language of this portion of the instruction is not applicable to the facts of this case. As this question was not raised by proper exceptions to the instruction, we cannot reverse on account of the error here pointed out, and we call attention to it so that the error may be avoided in case of a retrial.

In view, however, of the fact that the case of the State is not a strong one, and of the error already indicated in Instruction 6, we cannot resist the conclusion that the defendant did not have a fair trial. It follows that the judgment of the court below must be and is—*Reversed.*

EVANS, C. J., FAVILLE and ARTHUR, JJ., concur.