STATE OF IOWA, Appellee, v. NELSON LUCE, Appellant.

**INDICTMENT AND INFORMATION:** Amendment—Ownership of
1 **Property.** An indictment may be amended by changing the name of the owner of property burglarized.

**CRIMINAL LAW:** Best Evidence—Collateral Issue. The fact that a
2 certain party was occupying the burglarized property as a tenant may be proved by the oral testimony of the tenant, without the production of the written lease.

**BURGLARY:** Indictment—Description of Property. A burglarized
3 building may very properly be described as a "garage."

**CRIMINAL LAW:** Trial—Reading of Indictment. An indictment may
4 very properly be read to the jury by an assistant county attorney.

**CRIMINAL LAW:** Evidence—Flight. Testimony by the accused tend-
5 ing to show that he was, subsequent to the commission of the alleged offense, frequently in the locality or place where the offense

was committed, is properly rejected, when the record shows that the State was not relying on a claim of flight on the part of the accused.

**INDICTMENT AND INFORMATION:** Return and Filing. An official indorsement on an indictment to the effect that it was returned into court and filed in the presence of the grand jury is all-sufficient, without any subsequent entry of such filing in the court docket.

**CRIMINAL LAW:** Trial—Instructions—Discrediting Alibi. It is *undesirable* to instruct that the State may show that an offense was committed at any time within the statute of limitation, in those cases (1) where the testimony shows that the offense was committed, if at all, on a *certain day*, and (2) where the defendant's testimony relative to alibi is necessarily confined to said certain day. But the defendant's rights may be so clearly guarded as to remove any presumption of prejudice.

*Appeal from Page District Court.*—EARL PETERS, Judge.

DECEMBER 15, 1922.

THE defendant was found guilty under an indictment charging him with breaking and entering, with intent to commit larceny, a certain garage from which he stole and took away a certain Ford automobile. He appeals.—*Affirmed.*

*Ferguson, Barnes & Ferguson,* for appellant.

*Ben J. Gibson,* Attorney-general, and *B. J. Flick,* Assistant Attorney-general, for appellee.

EVANS, J.—I. The crime is alleged in the indictment to have been committed on June 16, 1919. The indictment was returned January 6, 1922. The automobile in question was owned by one Teatsworth, who occupied as a renter the farm and the garage from which the automobile was stolen. The crime was committed in Page County, near Shenandoah. On June 20, 1919, this car became involved in a collision with a switch engine at Council Bluffs. Its driver was injured to some extent, and received some care. He gave his name as "Johnson," and his residence as Moberly, Missouri. It was many months there-

after that the witnesses for the State purported to identify "Johnson" as the defendant herein; and this accounts for the delay in the returning of the indictment against him. Twenty-four points and assignments of error are set forth in appellant's brief, and argued. Many of them are elaborations of the same general proposition, and we shall so treat them in our consideration of the case. We find the form of the original indictment sufficient. It is fully sustained by our prior holdings. *State v. Jones,* 10 Iowa 206; *State v. Short,* 54 Iowa 392; *State v. Phipps,* 95 Iowa 487.

We find the amendment to the indictment also in proper form, even though it included a motion for leave to file the same. Such amendment was permissible, under the statute.

1. INDICTMENT AND INFORMATION: amendment: ownership of property.

The original indictment had charged that the garage described therein was the property of one Teatsworth; whereas, it was disclosed by the evidence that it was the property of one Uhl, and that Teatsworth occupied the same as a renter from Uhl. The amendment was properly made, for the purpose of conforming the allegations of the indictment to this evidence. *State v. Mullen,* 151 Iowa 392.

The evidence of Teatsworth, which was introduced after the filing of the amendment, and was to the effect that he occupied the Uhl farm as a renter, and owned the automobile in question, was not objectionable on the ground

2. CRIMINAL LAW: best evidence: collateral issue.

that his written lease was the best evidence. If it had been otherwise objectionable, nevertheless the same facts had been previously proved by the defendant on the cross-examination of Teatsworth. His subsequent examination added nothing to the testimony.

The substance of the charge in the indictment was the breaking and entering of a building with intent to commit larceny therefrom. The building, however, was described in the

3. BURGLARY: indictment: description of property.

indictment as a "garage." The evidence discloses that such "garage" consisted of the driveway of a double corncrib, which driveway was fully inclosed by cribs on either side and by doors duly fastened at the ends thereof. This was the place in which Teatsworth kept his automobile, and from which it was stolen. It was per-

missible to describe the same in the indictment as a "garage," notwithstanding that, under the automobile statute, a garage is defined as:

"Every place of business where motor vehicles are received for housing, storage or repair, for compensation." Section 2, Chapter 275, Acts of the Thirty-eighth General Assembly.

The foregoing definition has reference solely to public garages, used as places of bailment for compensation, of automobiles of others than the owners of the garage. Common usage permits the use of the term "garage" as describing the place of keeping or sheltering by its owner of his own automobile. See Paragraph 2, Section 48, Code, 1897.

One Wilson was appointed as an aid to the county attorney in the prosecution of the case. He read the indictment to the jury. This was a sufficient compliance with the statute which required it to be read by the clerk or county attorney. *State v. Crafton,* 89 Iowa 109.

4. CRIMINAL LAW: trial: reading of indictment.

The defendant was permitted to testify that he had frequently visited at the town of Shenandoah between the dates of June 16, 1919, and January 6, 1922. He also offered other witnesses to testify to the same effect. The offered testimony was rejected upon objection as immaterial. We think the ruling was proper.

5. CRIMINAL LAW: evidence: flight.

The complaint is that it tended to show that he had not been guilty of flight, and that there was evidence introduced on behalf of the State that had a tendency to show that he had taken flight. The State did not purport to offer any evidence of flight. If any of the evidence offered had a tendency to show such fact, it was incidental only. Flight was not relied on by the State as a circumstance in its chain of evidence. The subject of flight was not referred to in the instructions.

The indictment returned against the defendant was presented and filed in open court, by indorsement thereon of the fact of such filing. No entry of filing was ever made upon the docket by the clerk. What is true of the indictment in that regard was true also of the amendment to the indictment. Defendant relies upon Section 291 of the Code, as a requirement that such entry should

6. INDICTMENT AND INFORMATION: return and filing.

have been made in the docket, and contends that, until such entry was made, there was no filing at all, within the contemplation of the law. Section 291 has reference, in terms, to pleadings in civil cases. It does not purport to cover the method of filing an indictment, nor is there any other provision of the statute which in terms requires such an entry. On the contrary, it has been the universal usage to withhold from public record every indictment until the defendant be apprehended thereunder. The safeguard provided for the defendant in such a case is that the presentation and filing shall be actually in the presence of the grand jury. Indorsement of such filing by the clerk upon the indictment itself, in the presence of the court and grand jury, is abundant safeguard in that respect. The foregoing disposes of a considerable number of specific errors assigned.

II. Particular stress is laid by the defendant upon alleged error in one of the instructions, in that it charged the jury that the time of the commission of the offense was not material, provided that it was shown to be within three years prior to the finding of the indictment. The particular prejudice claimed by reason of such instruction relates to the defense of alibi. The defendant introduced evidence to the effect that he was in the state of South Dakota continuously from June 1, 1919, to June 20, 1919. The indictment charged the offense to have been committed on June 16, 1919. The evidence was definite and certain as to such date. Defendant contends that, under the instruction complained of, his defense of alibi was wholly undermined, and that it could avail him nothing unless he could extend it to cover the full three-year period of time preceding the indictment. The instruction complained of is quite usual in form, and is what is sometimes termed a "stock instruction." It has long been approved by the usage of courts and by the acquiescence of litigants. There is something to be said against its indiscriminate use. It is abstractly correct; but why should it be used when a specific date is not only charged in the indictment but is sustained without contradiction in the evidence? Under the evidence in the case at bar, the alleged crime, by whomsoever committed, *was* committed on June 16, 1919, and on no other date.

7. CRIMINAL LAW: trial: instructions: discrediting alibi.

The defendant, therefore, had a right to direct his defense of alibi to that date, and to show where he was at that time. In that sense, the exact date *was* material, though the instruction under consideration charged that it was not material. The defendant cites respectable authority to the effect that, in such a case, the instruction should not be given. *State v. King*, 50 Wash. 312 (97 Pac. 247).

It appears, however, from the record herein that the court submitted to the jury the defendant's defense of alibi in proper form, and gave it full recognition as being a complete defense, if proved, even though its dates were confined to the time between June 1 and June 20, 1919. The only burden cast upon the defendant with reference to his alibi was to prove it by such a weight of the evidence as should create in the minds of the jury a doubt of his guilt. He was not required, either directly or by implication, to cover any other period of time by his defense of alibi. In view, therefore, of the abstract correctness of the instruction in the absence of the defense of alibi, and in view of the fact that the jury, under the evidence, could not have found the crime to have been committed on any other date than June 16th, and of the further fact that the court recognized the full force and effect of the defense of alibi as made, we are convinced that the defendant did not, in fact, suffer any prejudice from the form of the instruction complained of.

A careful examination of the entire record discloses in our judgment no prejudicial error. The judgment below must, accordingly, be affirmed.—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.