STATE OF IOWA, Appellee, v. PAUL H. DEBNER, Appellant.

OCTOBER 25, 1927.

REHEARING DENIED JANUARY 13, 1928.

*C. C. Putnam*, for appellant.

*John Fletcher*, Attorney-general, *Neill Garrett*, Assistant Attorney-general, and. *W. J. Wilkinson*, County Attorney, for appellee.

FAVILLE, J.—The specific offense charged in-the indictment is the uttering of a certain check claimed to have been forged. The contention of the State is that said check was delivered by the appellant to one Ratzel, at South Amana, on the morning of September 4, 1925, "around 9 or 10 o'clock." There was also testimony tending to show that the appellant was in Iowa City on September 3d, and at other places in that part of the state on September 3d and September 4th. It was the contention of the appellant that he left Williamsburg for Des Moines on the morning of September 3d, by automobile; that he drove to Des Moines, through Victor, Grinnell, Kellogg, and other places, leaving Williamsburg about 9 o'clock in the morning; and that he arrived in Des Moines on the evening of September 3d, and stayed there all night, and was in Des Moines on September 4th in the forenoon, and started back to Williamsburg the latter part of that afternoon, and arrived at Williamsburg a little after 9 o'clock on the night of September 4th. Evidence was offered by both the State and the appellant on the question as to the appellant's whereabouts on September 3d and September 4th.

I. The defendant claimed an alibi, his contention being that he was in the city of Des Moines at the time the State claimed he uttered the forged instrument at South Amana, and  that it would have been a physical impossibility for him to have been in South Amana at said time. Upon this question the court gave the jury an instruction, which is challenged by the appellant. It has long been the rule of this court that the defense of alibi must be established by the defendant in a criminal action by a preponderance of the evidence, before it entitles him to an acquittal as a complete defense. It is also the rule of this court that if, upon consideration of the entire case, including that with regard to alibi, the jury entertain a reasonable doubt of the guilt of the defendant, he should be acquitted. We have

examined the challenged instruction with care; and while it might have been couched in language that would more clearly have expressed the rules of law applicable to the case, a majority of the court think that the jury was not misled thereby to the prejudice of the defendant, and that there was no reversible error therein.

II. It is argued that the instruction was erroneous in placing the burden upon the appellant to establish the defense of alibi by a preponderance of the evidence. This rule has been too long and too well established for us to now depart from it.

III. It is also contended that the court erred in making the elements of time and place essential in the establishment of an alibi, and especially in telling the jury that, in order to constitute an alibi, the defendant must have been at another place so far away or under such circumstances that he could not have been at the place where the crime is said to have been committed. Appellant's contention, briefly stated, is that, in order to support the defense of alibi, it is not necessary that a defendant shall establish that he was at such a place at the time of the committing of the crime that it would have been an impossibility for him to have committed it, or, in other words, that he "*could* not have committed it."

Appellant places great reliance upon our holding in *State v. Ireland,* 192 Iowa 489. In that case the defendant was charged with the larceny of a Ford car in the city of Des Moines. The defendant admitted that he was in the city of Des Moines, but denied that he was at Riverview Park the evening of the theft. There was no contention made but that he was in the city where the offense could have been committed by him, but his evidence was offered to show where he spent his time in the city at the time it was claimed the car was stolen. In that case the court gave an instruction on alibi. We held that, if proper exception had been taken to said instruction, it would have been held to have been erroneous to give it. The case did not properly involve an alibi at all. As pointed out in the opinion, the evidence showed that the defendant in that case could easily have been at the place where the crime was committed. The defendant did not claim an alibi as a defense. The court instructed on alibi, but the defendant did not preserve any exception to the instruc-

tion, and hence we refused to reverse. Under a plea of not guilty, a defendant has a right to show, not only that he did not commit the act, but that he was doing something else at the time. In fact, very few criminal cases are tried, especially where a defendant is a witness in his own behalf, in which his whereabouts at the time of the act are not inquired into. Such evidence comes under the general defense, and generally does not require an instruction on alibi, even though there is evidence on behalf of the defendant which tends to show that the defendant was not at the place of the crime, but was doing something else. In such cases, where an alibi is not claimed, and the evidence of the defendant's whereabouts at the time of the act is incidental to his denial of guilt, no instruction·on alibi is necessary or proper. *State v. Bosworth,* 170 Iowa 329. In the instant case the appellant undertook to establish an alibi, and to prove, not merely that he was not at the place where the offense was committed, but also that he was *at that time at such a remote and distant place that he .could not have committed the offense.* His contention is that, at the time the State claims he was in South Amana, he was in fact so far distant—to wit, in Des Moines—that it was an impossibility for him to have committed the offense. It was proper to submit that defense to the jury in this case. The complaint lodged against this portion of the instruction is without merit. *State v. Ireland,* supra; *State v. Bosworth,* supra; *State v. Whitbeck,* 145 Iowa 29; *State v. Gulliver,* 163 Iowa 123, 141.

IV. The State offered in evidence certain exhibits that were used as the standard of comparison by an expert witness for the purpose of proving that the appellant signed the check in question. Appellant insists that the standard of comparison was not duly established.

Section 11278, Code of 1924, is as follows:

"Evidence respecting handwriting may be given by experts, by comparison, or by comparison by the jury, with writings of the same person which are proved to be genuine."

A similar statute is in force in most of the states. See note to *University of Illinois v. Spalding,* 62 L. R. A. 817.

The sole question urged by the appellant at this point is that the standard of comparison was not properly "proven to be genuine." The standard was established by the testimony of a

witness who testified that the appellant admitted or stated to him that he (the appellant) had written the instrument. It undoubtedly is the well recognized rule that the writing, in order to be admissible as a standard, must, in the language of the statute, be "proven to be genuine." The jury, under the statute, may make comparison between the disputed signature and the standard, and experts may testify, by such comparison. It is the well established rule, and the clear requirement of the statute, that the standard cannot be admitted in evidence, and, of course, cannot be made the basis of a comparison with a disputed instrument, if the standard itself is in doubt. It must be "proven to be genuine." The most frequent method of proving the genuineness of the standard is by the testimony of some person who saw the party write the instrument, or by the admission of the party that it is his genuine handwriting. No one testified in this case that he saw the appellant write the exhibits which were offered in evidence as standards, and there was no *admission of record* in this case by the appellant that he did so write them. His contention is that, under his plea of not guilty, the evidence of the witness who testified that the appellant stated to him that he had written the exhibits was not sufficient to meet the requirement that they be "proved to be genuine." In its last analysis, it is the contention that the evidence of the witness who testified that the appellant admitted to him that he had written the instrument does not "prove it to be genuine." The same argument would apply with equal force to the testimony of a witness that he saw the appellant write the written instrument. Such evidence might also be subject to disbelief. There was no dispute at this point. We hold that the evidence of the statements made by the appellant to the witness that he had signed the exhibits in question was sufficient to permit their introduction as a standard for comparison of handwriting, under the provisions of the statute. As bearing on the question, see *State v. Smith,* 192 Iowa 218; *Sankey v. Cook,* 82 Iowa 125; *Wilson v. Irish,* 62 Iowa 260; *Hyde v. Woolfolk,* 1 Iowa (Clarke) 159; *State v. Farrington,* 90 Iowa 673; note, 62 L. R. A., supra; Lawson on Expert and Opinion Evidence 408; 10 Ruling Case Law 997, Section 183.

V. Complaint is made of the instruction given by the court

on the question of reasonable doubt. It is a familiar and well established rule that the instructions must be read as a whole, and construed together, and that the court is not required to embody all of the law applicable to the case in a single instruction. We find no merit in the contention of the appellant with regard to the challenged instruction.

The judgment appealed from is—*Affirmed*.

EVANS, C. J., and STEVENS, DE GRAFF, KINDIG, and WAGNER, JJ., concur.