STATE OF IOWA, Appellee, v. ARTHUR DAVENPORT, Appellant.

No. 38610.

APRIL 2, 1929.

REHEARING DENIED JUNE 24, 1929.

*Higbee & McEniry,* for appellant.

*John Fletcher,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

WAGNER, J.—The charge against the defendant is what is commonly called statutory rape, alleged to have been committed by the defendant on or about the 16th day of February, 1926,  upon the prosecutrix, who was under 16 years of age. Upon trial, the jury returned a verdict against the defendant, finding him guilty of the crime of rape, and the judgment of the court was that the defendant be confined in the state reformatory at Anamosa for an indeterminate term of not more than ten years. The testimony for the State in chief consisted of that of the prosecutrix and one of her girl companions, who is 14 years of age. According to their testimony, they, with another girl friend, were at the skating rink on the evening of the 16th day of February, 1926. There they met the defendant and two of his companions, Ewing and Hoffman. About 9 or 9:15 o'clock P. M., the prosecutrix and her two girl friends and the defendant and his two companions left the skating rink in a Ford car or roadster, and went to the Ewing home in the country, about 4½ miles south of Creston. They all entered the house, built a fire, and proceeded to have what may properly be termed a "wild party." There was music, produced by playing upon a piano and a violin. Shortly after arriving, Hoffman left the home, and in a few minutes' time, returned with another man. Alcohol was then produced, and drinking indulged in by some of the members of the party. The prosecutrix testified that the drinking was done by the boys and one of her girl companions, but that she, herself, did not indulge

in the use of the intoxicating liquor. According to the testimony of the prosecutrix and the other girl produced as a witness, there were times during the evening when they coupled off, and separately went upstairs. The other girl testified that she (the witness) and the defendant went upstairs, where the act of sexual intercourse occurred between them. According to the testimony of the two girls, later in the evening the defendant and the prosecutrix ascended the stairway, and the prosecutrix testified that, at that time, the defendant had sexual intercourse with her; that she called for her girl companion, and when she came to the door of the room, the defendant quit. As to this matter, the prosecutrix is corroborated by the other witness,—that the prosecutrix called or "hollered" to her, and that she went upstairs, finding the prosecutrix on the floor. It appears from the testimony of the two girls that, after they all came downstairs, the two girls went out on the porch, where the prosecutrix made complaint as to what the defendant had done. After this occurred, Davenport and Hoffman left the Ewing home together; and about midnight, or a little later, a taxi driver was called from Creston, who returned the rest of the party to said city. As to this latter statement the two girls are corroborated by the taxi driver. The city marshal gave testimony to the effect that, on Saturday following Tuesday, the 16th day of February, his attention was called to the party at the Ewing home; that he made a memorandum at that time, and he is certain that the date claimed was the 16th day of February. Another witness for the State testified as to an admission by the defendant of his being at the party down in the country, and that the prosecutrix was there. The foregoing is, in substance, the testimony introduced by the State.

The defendant, as a witness, denied being at the skating rink on the evening of the 16th of February; denied knowing the prosecutrix; denied any acquaintance with Paul Ewing; denied the illicit acts as testified to by the two girls. Various neighbors of the defendant's testified that his reputation as to general moral character is good. The defendant and the wife of Hoffman (according to the record, Hoffman is also under arrest), Mr. and Mrs. Crago, and Mr. and Mrs. Britten all testified, in substance, that they, Hoffman and the defendant, were at a party at the Britten home 3½ miles from the Ewing farm, playing cards

and listening to the radio, from about 9 o'clock on the evening of February 16th until 12:30 or 1 o'clock the next morning.

The foregoing constitutes substantially all of the evidence in the case. The defendant raises no question of the want of evidence corroborative of the prosecutrix, tending to connect the defendant with the offense. His sole contention at this point is that the evidence is insufficient to support the verdict of guilt. With this contention of the defendant's we do not agree. The question of the credibility of the witnesses was for the jury. The testimony of the two girls was sufficient to justify the submission of the case to the jury. We cannot say that their testimony is unworthy of belief. See *State v. Huckelberry*, 195 Iowa 13; *State v. Mueller*, 202 Iowa 1067; *State v. Feldman*, 201 Iowa 1089.

The court in one of the instructions told the jury, in substance, that, while the indictment fixes the date of the commission of the acts charged as being on the 16th day of February, 1926, it is not required that the State prove the acts as having been committed on the exact date set forth in the indictment and as testified to by the witnesses for the State; that, if the State had established the commission of the crime charged at the home of Paul Ewing in Union County, Iowa, on any date or time within 18 months before the finding of the indictment by the grand jury, then the exact date of the commission of the crime charged is immaterial. The defendant's complaint as to said instruction is that the same practically nullifies his defense of alibi. It will be observed that all of the testimony for the State fixed the date of the commission of the crime as the evening of February 16, 1926, and that the testimony in behalf of the defendant is that at that time he was at the Britten party, 3½ miles from the Ewing home.

Does the testimony of the defendant tend to establish an alibi? At this point, we quote the following from the testimony of the defendant:

"On February 16th, I left the bakery about 6 o'clock, with Mr. Hoffman and Mr. Lundquist, the manager of the bakery. We took Mr. Lundquist home on Cherry Street, came back and got gas and started for home. We went down the high and dry road, which is a mile west of the Ewing home. That was our

ordinary route home. We went home in a Ford touring car. I was not in a Ford roadster that night. I had been making my home with Hoffmans. After we got there, we did the chores and ate supper. Mrs. Hoffman and the children were there. We then went to Henry Britten's home, reaching there about 9 o'clock. We went in Mr. Hoffman's touring car. Hoffman had no other car. His wife and children went with us. We stayed there until after midnight, and then went home together, and I stayed there all night.''

Does the testimony of the defendant and of the witnesses testifying as to his whereabouts on the evening of February 16th, within the rules announced in our recent cases, tend to establish an alibi, or was such testimony only incidental to his denial of guilt? In *State v. Ireland*, 192 Iowa 489, in commenting on an instruction given on alibi, we said:

''The defendant admitted that he was in the city of Des Moines on the night in question, and the evidence shows that Riverview Park could easily have been reached by him in time to have committed the crime. No one contends to the contrary. The claim of the defendant is that he was not at the place of the crime, but that he was at another place, and therefore could not be the guilty party.''

What is said in the *Ireland* case is equally applicable in the instant case. In *State v. Debner*, 205 Iowa 25, we said of the *Ireland* case that it did not properly involve an alibi at all. We further said in the *Debner* case:

''Under a plea of not guilty, a defendant has a right to show, not only that he did not commit the act, but that he was doing something else at the time. In fact, very few criminal cases are tried, especially where a defendant is a witness in his own behalf, in which his whereabouts at the time of the act are not inquired into. Such evidence comes under the general defense * * *. In such cases, where an alibi is not claimed, and the evidence of the defendant's whereabouts at the time of the act is incidental to his denial of guilt, no instruction on alibi is necessary or proper.''

In *State v. Wagner*, 207 Iowa 224, our most recent pronouncement upon the subject, we said:

"The circumstances and conditions, the facts proved, to constitute an alibi, must have been such that he could not, at the time thereof, have been at the place of the commission of the offense, and therefore could not have been the perpetrator."

It is manifest that, since the Britten home was only 3½ miles from the Ewing home, and Hoffman and Davenport were concededly traveling by automobile on the evening in question, the testimony in behalf of the defendant does not tend to establish the requisite fact of an alibi, that he could not have been, or that it was impossible for him, at the time in question, to have been, at the Ewing home; but such evidence was only incidental to his denial of guilt, and tended only to controvert or negative the State's evidence of his presence at the Ewing home at the time in question. Therefore, within the rules announced in the *Debner* case and the *Wagner* case, any instruction on alibi was improper. However, in the instant case, the defendant is claiming (though improperly so) an alibi. The defendant is not contending that the court should not have instructed on alibi. The court fully instructed upon said question. The court told the jury, in substance, that the defendant had introduced evidence tending to show that, at the time when it is claimed the crime in question was committed, he was at the house of Henry Britten, and that he could not have been engaged in the commission of the crime charged, and that, if he has shown by the greater weight of the evidence that, at the time of the commission of the offense charged, he was at such a distance from the place where the same was committed as that he could not have participated in the commission of the same, this would, of course, entitle him to an acquittal; and that if, upon the whole case, the testimony before them raised in their minds a reasonable doubt that the defendant was present at the place where the crime was committed, if it was committed, then it would be their duty to acquit him. Under the record in this case, the giving of any instruction on alibi was improper, but as to this the defendant does not complain. The defendant in argument complains only of the use by the court in said instruction of the expression "entitle him to an acquittal;" but no exception was taken to said instruction. We

have held that the failure to file exceptions to instructions precludes review as to the same in criminal, as well as in civil, cases. *State v. Higgins*, 192 Iowa 201; *State v. Grigsby*, 204 Iowa 1133; *State v. Vandewater*, 203 Iowa 94; *State v. Manley*, 197 Iowa 46; *State v. Gates*, 197 Iowa 777. In *State v. Debner*, supra, this court, in discussing the subject of alibi, uses identically the same expression as was used by the trial court in the foregoing instruction. It thus appears that defendant's complaint at this point is of no avail, because no exception to said instruction was taken, and that the point made in argument is of no avail to the defendant, had exception thereto been properly taken.

Therefore, the only thing remaining for us to consider is defendant's complaint as to the instruction hereinbefore mentioned, said instruction being, in substance, that the time of the commission of the offense is immaterial, provided  that it is shown to have been committed at any time within the period of the Statute of Limitations. This instruction is abstractly correct, and has often been approved. The contention of the defendant is that the instruction would permit the jury to find that the testimony of the defendant as to his presence at the Britten home on the evening of the 16th day of February was correct, and that the testimony of the witnesses for the State as to the exact date of the occurrence at the Ewing home was erroneous, and yet permit them to find the defendant guilty. As to this matter, this court, in *State v. Bell*, 49 Iowa 440, made the following pronouncement:

"The prosecutrix testified quite positively that the crime of defendant was consummated on the 7th of July, the time charged in the indictment, at the house of a person named by her. The defendant introduced evidence tending to prove that he was not at the house named within three or four days of the time fixed by the prosecutrix. The instructions given to the jury were to the effect that, if they found the crime had been committed on another day, yet within the time prescribed by the statute limiting indictments in such cases, it would be sufficient to authorize conviction. This instruction and others which left to the jury the determination of the time of the offense are made the grounds of objection. The error of counsel in presenting these points is this: They hold the jury bound to accept the testimony of the

defendant's witnesses as conclusive as to defendant's absence at the time named, and that, if he was absent, the testimony of the prosecutrix must be disregarded, and cannot be corroborated because of her error or mistake as to the day upon which the crime was consummated. But the jury were correctly required to reconcile this conflict of evidence, which may have been done by disregarding the testimony of defendant's witnesses, or by accepting it and finding that the prosecutrix had been innocently mistaken as to the precise day of the commission of the crime.''

As to the duty of the jury to reconcile the conflicting evidence, the court so instructed in the instant case. See, also, *State v. Hayes,* 105 Iowa 82. In *State v. Luce,* 194 Iowa 1306, a crime was charged to have been committed on June 16th. The evidence on the part of the State was definite and certain as to the commission of the offense on said date. The defendant introduced evidence to the effect that he was in the state of South Dakota continuously from June 1st to June 20th. This evidence by the defendant did tend to establish an alibi; for, if the defendant was in South Dakota at the time in question, it was impossible for him, on account of distance, to have been at the place of the commission of the crime in Page County, Iowa. Such testimony was more than incidental to defendant's denial of guilt. The defendant in said case contended that a similar instruction given by the court as to the immateriality of the date of the commission of the offense, provided it was shown to have been within the period of the statute of limitations, wholly undermined his defense of alibi. In said case, we criticized the instruction where alibi is claimed as a defense, although holding that, generally speaking, it is abstractly correct. However, in said case, we held that any error in giving said instruction was without prejudice to the defendant, saying:

''It appears, however, from the record herein that the court submitted to the jury the defendant's defense of alibi in proper form, and gave it full recognition as being a complete defense, if proved, even though its dates were confined to the time between June 1 and June 20, 1919. The only burden cast upon the defendant with reference to his alibi was to prove it by such a weight of the evidence as should create in the minds of the jury a doubt of his guilt. He was not required, either directly or by

implication, to cover any other period of time by his defense of alibi. In view, therefore, of the abstract correctness of the instruction in the absence of the defense of alibi, and in view of the fact that the jury, under the evidence, could not have found the crime to have been committed on any other date than June 16th, and of the further fact that the court recognized the full force and effect of the defense of alibi as made, we are convinced that the defendant did not, in fact, suffer any prejudice from the form of the instruction complained of."

We therefore hold that the evidence in behalf of defendant fails to establish an alibi, and is only incidental to his denial of guilt; that, within the rules announced in *State v. Bell,* supra, and *State v. Hayes,* supra, there is no merit in defendant's contention; and that, even if it could properly be said that said evidence tends to establish an alibi, then there is no distinction between the instant case and *State v. Luce,* supra.

Since we find no merit in the contentions of the defendant, the judgment of the trial court is hereby affirmed.—*Affirmed.*

STEVENS, FAVILLE, MORLING, and KINDIG, JJ., concur.

EVANS, J. (dissenting).—I think the defendant is entitled to a new trial. The date of the alleged offense, both in the indictment and in the testimony of the State's two witnesses, was the night of February 16, 1926. The place of the crime was testified to as being at the home of Paul Ewing, four miles south of the town of Creston. The defendant, as a witness, denied the commission of the offense at any time, and testified that he had never seen the prosecuting witness at any time prior to his arrest, on or about March 6th. He also gave a detailed account of where he was and what he did on the evening of February 16th, from the time he quit work, at 6 o'clock, until he left the home of H. S. Britten, at about 12 o'clock. This line of evidence is referred to in the record as an alibi, and it is immaterial for the purpose of our present consideration whether it was strictly so or not. The defendant testified that he attended a little card and radio party at the home of H. S. Britten that evening, and was there until after midnight. The events testified to by the prosecuting witness were alleged to have occurred between 9 o'clock and midnight. The testimony of the defendant was supported by that of

half a dozen apparently disinterested witnesses, who were present at the Britten home on the date named.

In submitting the case to the jury, the court gave an instruction to the effect that the date of the commission of the offense was not material, provided it was committed at any time within 18 months prior to the indictment. This instruction took on a particular significance by reason of the cross-examination of the defendant's witnesses, who testified to the presence of defendant at the Britten home on that particular date. The following cross-examination of Mrs. Crago is illustrative:

"Q. The indictment in this case was returned the 22d day of April, 1926. Did you know where Arthur Davenport was any night within three years preceding that date except this one Tuesday night, February the sixteenth? A. No, I couldn't say for sure about any other night. He may have been there, but not in my presence. Q. Any time near that date as charged in the indictment? A. No. Q. You don't know anything about that? For all you know about this person might have committed rape at some time within three years preceding this twenty-second day of April, 1926? A. Yes. Mr. Wisdom: That is all."

The State made no effort to meet the testimony of the defendant's witnesses in support of the alleged alibi, except by this method of cross-examination. In order to find the defendant guilty, the jury must have discredited the undisputed evidence of all these witnesses, or else it must have believed that the prosecuting witness was mistaken in the date, and that the offense charged must have been committed on another date, within the period of limitation. In *State v. Luce*, 194 Iowa 1306, we condemned this form of instruction as inappropriate, in a case where the testimony of the State fixes a particular date and the testimony of the defendant accounts for himself as of that date. In considering the instruction in that case, we said:

"It is abstractly correct; but why should it be used when a specific date is not only charged in the indictment, but is sustained without contradiction in the evidence? Under the evidence in the case at bar, the alleged crime, by whomsoever committed, *was* committed on June 16, 1919, and on no other date. The defendant, therefore, had a right to direct his defense of

alibi to that date, and to show where he ˙was at that time. In that sense, the exact date *was* material, though the instruction under consideration charged that it was not material. The defendant cites respectable authority to the effect that, in such a case, the instruction should not be given.''

In that case, the date of offense charged was June 16th. The alibi covered dates from June 1st to June 19th. Between such dates the defendant contended he was continuously in the state of South Dakota. The court in a later instruction recognized the claimed alibi as between said dates, and instructed the jury that, if it was proved, then it was a complete defense. Because of this curative feature of the instruction, we declined to reverse. The State contends herein that the same condition exists in this case. It relies upon Instruction 13 given by the court, which contained the following paragraph:

''If he has shown, as hereafter stated, that, at *the time of commission* of the offense charged, he was at such a distance from the place where the same was committed as that he could not have participated in the commission of the same, *this will, of course, entitle him to an acquittal.*''

It will be noted that this instruction has no curative effect. This leaves the ''time of commission'' to be found by the jury; and under Instruction No. 3, they could fix such time upon any date within 18 months. I think the instruction in this case, upon this record, was clearly prejudicial.

Its prejudicial character is greatly emphasized also by the state of the evidence in the record. The State relies upon the evidence of the prosecuting witness, Bernice Powell, and her companion, Helen Crist. Each was 14 years of age, and each discloses herself as being appallingly depraved. Great improbabilities appear in their recital. The defendant testified that he had no acquaintance with them. They purported to identify him in·the court room as the person who was present at the alleged offense. They alleged the first meeting to have been at the skating rink in Creston; that they and another girl companion and three men drove from the skating rink to the Ewing home by one trip in a Ford roadster. This of itself looks like a grave exaggeration. Their further testimony is that this defendant committed

three sexual offenses there, within a brief period, twice with Helen Crist, and once with the prosecuting witness. The defendant is a young man 23 years of age. He put his character in issue. Five witnesses testified to his good moral character. This testimony was wholly uncontradicted. And this is true of the testimony of the witnesses who were with the defendant at the Britten home. The evidence of and for the defendant is consistent throughout. That for the State carries great improbability and much inconsistency.

Upon this record, I think there ought to be a new trial granted.

ALBERT, C. J., and DE GRAFF and GRIMM, JJ., join in the dissent.